CRYSTAL ICE AND COLD STORAGE COMPANY

*v.*

HOWARD N. ELMER et al.

[*Submitted December 8th, 1913.   Determined December 30th, 1913.*]

1. Under *1 Comp. Stat. 1910 p. 106 § 6*, providing that every arbitrator shall take an oath to faithfully and fairly hear the cause and make an award, the failure of the arbitrator to be sworn before proceeding, and to proceed without giving a hearing to the parties, was fatal, whether the arbitration was made as a rule of court or not.

2. The parties to an arbitration are entitled to notice of the time and place of hearing, irrespective of statutory requirements, and an award made without an opportunity for a hearing is invalid.

3. In a suit for specific performance of an award of arbitrators determining the price to be paid by a lessee upon purchasing, the bill will not be held to await another award upon determining that the award made was invalid for want of a hearing by the arbitrators, &c.

On final hearing on bill for specific performance of an award, and for an injunction against a suit at law.

The bill is filed for the specific performance of an award of arbitrators and for an injunction against a pending action of ejectment wherein defendants herein seek the recovery of possession of the real estate which is the subject-matter of the award.

Complainant is lessee of the real estate which is now the subject of dispute under a lease which has expired.   The lease provides that at the expiration of the lease the lessee shall have the privilege of purchasing the leased land at a price to be determined by three disinterested parties, one of whom should be chosen by each of the parties to the lease, the two so chosen to select a third.   Shortly before the expiration of the term named in the lease complainant gave notice of his determination to purchase the leased premises and each party to the lease there-

upon appointed an arbitrator and the two so selected appointed a third, and an award was thereupon made by the three arbitrators fixing the purchase price. Defendants have refused to convey the premises for the amount awarded by the arbitrators and have brought suit at law for the recovery of possession of the premises.

The defence to the present suit includes, among other things, the claim that the arbitrators were not sworn and that they made their award without giving the parties a hearing or an opportunity to be heard.

*Messrs. Hampton & Fithian,* for the complainant.

*Mr. Walter H. Bacon,* for the defendants.

LEAMING, V. C.

The evidence discloses that the arbitrators made the award here sought to be enforced without first being sworn and without giving a hearing to the respective parties in interest. This is clearly fatal to the validity of the award.

The sixth section of our act touching arbitration and references (*1 Comp. Stat. p. 106*), when read in connection with the fourth section to which it refers, provides that in cases of arbitration, every arbitrator shall, before he proceeds to the business submitted to him, take an oath or affirmation that he will faithfully and fairly hear and examine the cause and make a just and true award according to the best of his skill and understanding.

The arbitration here in question was not made a rule of court, and it is urged in behalf of complainant that the sixth section of the act above referred to only relates to arbitrations which have been made a rule of court. In *Inslee* v. *Flagg, 26 N. J. Law (2 Dutch.) 368,* that contention was made and expressly overruled; it is there determined that the sixth section of our Arbitration act applies to all arbitrations, whether made a rule of court or not, and requires all arbitrators to be sworn or affirmed before proceeding with their duties, and that the section is opera-

tive to vitiate any award made by arbitrators who have not been sworn or affirmed pursuant to the provisions of that section. As the arbitrators who made the award which is the foundation of the relief sought by the present bill were not sworn or affirmed to perform their duties, it is clearly impossible for this court to grant the relief sought by complainant.

The other circumstance already referred to is equally fatal to the relief here sought. In *West Jersey Railroad Co.* v. *Thomas, 21 N. J. Eq. (6 C. E. Gr.) 205,* and *23 N. J. Eq. (8 C. E. Gr.) 431; S. C. on appeal, 24 N. J. Eq. (9 C. E. Gr.) 567,* it is definitely determined that the parties to an arbitration are entitled to notice from the arbitrators of a time and place for a hearing to the end that they may be present and present their case. This rule is wholly independent of statutory requirements to that effect. The award which is made the foundation of the present suit was made not only without the parties to the arbitration being heard, but also without the parties having been given an opportunity to be heard.

The suggestion is made in behalf of complainant that in the event of the award being found defective the bill should be held to await another award. I find no justification for that course. Without an award there appears to be no foundation for the present bill to rest upon. Whether a bill based upon a declared purpose upon the part of complainant to re-assert its claim of right to purchase through a new arbitration would support an injunction against the further progress of the ejectment suit cannot be now appropriately determined.

The views here expressed render consideration of the other defences unnecessary.

I will advise a decree dismissing the bill.