IN THE MATTER OF THE APPLICATION OF SAMUEL KOPP AND SAMUEL LIPCHITZ, PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF K. AND L. SILK MILLS, PETITIONERS-RESPONDENTS, v. BERTHA GROBART AND SAMUEL GROBART, DEFENDANTS-APPELLANTS.

Argued January 16, 1934—Decided May 19, 1934.

For the appellants, *Evans, Smith & Evans.*

For the respondents, *Abe Jaffe (Frederic M. P. Pearse* and *Max Mehler,* on the brief).

Per Curiam.

This is the appeal of the defendants below from a judgment of the Passaic County Circuit Court.

Briefly stated the situation was this: On February 3d, 1932, the present appellants and respondents entered into an arbitration agreement to submit their differences to "Samuel Shelov and Harry Smith and such third person as they shall name and appoint" for final determination and award, and agreeing to abide their determination or any two of them. The two named arbitrators met and heard both sides as to the matter in dispute but could not agree. A third arbitrator was sought. Difficulty was experienced in selecting the third arbitrator and the Circuit Court on December 16th, 1932, on application to it and after hearing both sides, appointed Julius Breuer. Appellants objected to Breuer's appointment and gave notice of an application

to set it aside returnable January 6th, 1933. Pending this application two of the arbitrators, Shelov and Breuer (the latter appointed by the court), met and rendered an award dated January 5th, 1933, against the appellants, in the sum of $3,280.24 with costs. Smith, one of the arbitrators named in the agreement, did not attend or take any part in the rendering of the award, giving as his reason the pending application to set aside the appointment of Breuer.

The appellants contended that they were not notified that the arbitrators were to sit, and were given no opportunity to present their evidence and be heard. Accordingly they applied to the Circuit Court to have the award set aside, which application was denied, and that court, on July 25th, 1933, made an order denying the application to set aside the Breuer appointment, and ratifying and confirming the award, and entered judgment for the amount of the award, and appellants took this appeal.

The meritorious question, as we see it, now raised by the appellants, is that the award was made without notice of the hearing following which the award was made. There seems to be no question that the parties to the arbitration were entitled to notice of the time and place of the hearing held by the arbitrators. *Crystal &c., Co.* v. *Elmer,* 82 *N. J. Eq.* 486; 89 *Atl. Rep.* 247; *Thomas* v. *West Jersey Railroad Co.,* 24 *N. J. Eq.* 567. This rule is not in dispute. The contention of the respondents is that in fact the present appellants had notice or had waived it. But for reasons now to be given it appears that such contention is ill-founded.

It is undoubtedly true that the appellants were not present and that they did not waive notice. Coming now to the question of whether or not they had notice, we think that they did not. With respect to appellant Samuel Grobart, the conclusion that he did not have notice or knowledge is not so clear because of some indications that he may have been told of the meeting by Mr. Smith, the arbitrator who did not attend; but we incline to think that the state of the case does not show anything more than a notice by Breuer to Smith and that Smith told Breuer that he personally would

not proceed with the arbitration because a motion to set aside the appointment of the third arbitrator was pending and undecided. We think that the proof does not go to the extent of showing that notice of the time and place was given to Samuel Grobart.

When we come to consider the question of whether or not the other appellant, Bertha Grobart, had notice, we find that it is perfectly clear that she had not. In our judgment there is no evidence in the state of the case of notice to her or knowledge upon her part. Since the award was against her as well as against Samuel Grobart, and since there is nothing in the state of the case or in the relationship of the parties to indicate that notice to Samuel, if given, was notice to her, it follows that the confirmation of the award and the judgment entered thereon in favor of the respondents, should be set aside, and it is so ordered, with costs.