THOMAS HAZEN and OTHERS v. Administrators of DANIEL ADDIS, &c.

After a submission to arbitration, it is too late to except to the form of action, or to any thing in the process, or declaration.

Upon the production of an affidavit, made before a commissioner of this court, and proving, that the parties made and signed the submission, the court will order the agreement to be entered of record, and a rule, that the parties shall submit thereto, and be finally concluded by the award made pursuant to the submission.

Where the matter submitted to and investigated before the arbitrators was, whether the intestate had not cut and carried off the wood, and if he had, what damages his estate ought to pay for the trespass, and the arbitrators awarded, that they did find and adjudge the defendants (administrators) not guilty of a trespass done on the premises of the plaintiffs ; this court will set aside the award. It is not consonant to the submission, nor certain, nor final.

---

A rule having been entered in behalf of Addis and Addis, administrators of Daniel Addis, deceased, calling on Hazen and others, the adverse party, to shew cause, why the submission and award in this case, should not be made a rule of court; and a counter rule having also been entered in behalf of Hazen and others, calling on the administrators of Addis, to shew cause, why the award should not be set aside; the argument of both rules came on together.

*Drake,* in support of the first rule.

*Saxton,* of the second.

The opinion of the court was delivered by

HORNBLOWER, C. J.  An action of trespass was commenced in this court, by Hazen and his wife and others, against Addis and Addis, administrators of Daniel Addis, deceased, for *cutting down*, and carrying away wood and timber off of the lands claimed by Hazen and others.  The trespass if any, was committed by the intestate, not by the administrators.  A question was raised on the argument, as to the correctness of such an action, and the statute (*Rev. Laws* 174, *sec.* 2) was cited on the one side, and the case of *Cooper* v. *Crane*, 4 *Halst.* 178, on the other.  But this is a question that cannot be raised and need not be settled in this case.  The parties instead of taking the opinion of the court on that point, voluntarily withdrew the cause from this tribunal, and submitted it to another of their own choosing.  The subsequent proceedings out of court, were not *in* that action.  It was abandoned, and constructively discontinued, by a submission of all the matters touching and concerning the trespass complained of, to arbitrators; and any rule this court can now make, cannot be made in *that cause*, but upon the submission and award.  That the parties, so understood and intended, is manifest from their agreement, that the *submission* should be made a rule of this court, on motion of either party.  But even if it was a reference, instead of a submission, it would now be too late to except to the form of action, or to any thing in the process or declaration.—*Smith* v. *Minor, Coxe Rep.* 16, 24; *Forseth* v. *Shaw*, 10, *Mass. Rep.* 253.

As we cannot set aside the award until the submission has been made a rule of this court, (*Harrison* v. *Grundy*, 2 *Str.* 1178; *Chicot* v. *Lequesne*, 2 *Ves.* 315; *Spettigue* v. *Carpenter*, 3 *Pr. Wms.* 361; *Kidd on awards* 255) it is proper in the first place to enquire, whether there is any valid objection to making the rule to shew cause in that respect, absolute.  None is perceived.  An affidavit made before a commissioner of this court, is produced and read, proving that the parties made and signed the submission.  It is true, the statute (*Rev. Laws* 158) which in this respect is like the 9*th* & 10*th W.* 3, *c.* 15, speaks of producing an affidavit made by the *witnesses* thereunto, or any one of them, and seems therefore to contemplate a plurality of witnesses.  But I find no decision establishing the ne-

cessity of more than one witness, and the statute does not in terms or by any strong implication, require that there should be.

The reason assigned for setting aside the award, however satisfactory and conclusive against its validity, can constitute no argument against making the submission a rule of court. The *agreement*, must therefore in this case be entered of record, and a rule " that the parties shall submit thereto, and finally be concluded by the award made pursuant to the submission." This, it must be admitted, looks like confirming the award before hearing objections to it. But it is the course directed by the statute; and indeed, if that is pursued according to its grammatical sense, not to say, its terms, it would seem to require, as the Lord Chancellor remarked, in *Spettigue* v. *Carpenter*, 3 *Pr. Wms.* 362, that the confirmation should be *prior* to the *award*. The statute evidently supposes, that the submission is to be made a rule of court in the terms prescribed, before the award is actually made. But that has not been the practice, nor is it necessary; *Kyd on awards* 255; 1 *Barnard* 153.

The next inquiry then is, whether any sufficient ground has been laid, to justify the court in setting aside this award?

The objections that were urged, may be comprised under two heads. 1st, That the arbitrators met upon one occasion, without notice, to the complaining party, and proceeded to examine a witness in the absence of that party. 2d, That the witness so examined, was interested and incompetent.

In support of these reasons, affidavits have been taken and read on the argument. But it appears to me, the award must be set aside on other grounds. The trespass or injury complained of, and which was the subject of dispute between the parties, was not pretended to have been done by Ephraim Addis and Simon S. Addis, but by David Addis their intestate. The original action in this court was brought against them in their representative character as administrators; the submission entered into by them, was in that character, and it was " of all matters touching and concerning" the *trespass* complained of in the original suit. It was that fact that gave rise to the course of argument adopted by counsel on the question of the administrators' liability in an action of trespass, and it is apparent, from

the depositions, which were read, that the *trespass* complained
of, the "matters touching and concerning" which trespass
were submitted to the arbitrators, was committed, if committed
at all, by the *intestate* and not by the administrators. The ob-
jection to the testimony of the witness, *Green*, goes upon the
same ground. The arbitrators must have so understood it;
for otherwise it would never have occurred to them, that he
was interested because he had married one of the daughters of
Addis, the intestate. If the trespass complained of, had been
committed by the administrators, it is plain that Green could
not in any way be affected by it. His wife's distributive share
could not have been lessened by any damages recovered against
the administrators personally, for an injury done by them. The
matter submitted to and investigated before the arbitrators, was
whether the intestate had not cut and carried off the wood, and
if he had, what damages his estate ought to pay for the trespass.
This is further manifest from the affidavit of John Stinson, esq.,
one of the arbitrators. He says, they were all of opinion the
stumps had been cut by the intestate; and it was upon that
ground, they had made up their minds to assess damages and
report against the administrators.

The question then arises, have the arbitrators made any
award, of and upon, the matters submitted to them and investi-
gated before them? I think they have not. Their award is as
follows: "We do award that we find and adjudge the defend-
ants aforesaid not guilty of a trespass done on the premises of
the aforesaid plaintiffs." That the defendants, that is, the ad-
ministrators, were *guilty*, was not alleged or pretended; that
was a matter about which there was no dispute between the
parties. The arbitrators, therefore, have settled nothing. The
whole cause of action, the whole matter in controversy, remains
undetermined. The object of the arbitration, which was the
final end and determination of the matter in dispute, has en-
tirely failed.

An award must be consonant to the submission, and it must
comprehend every thing submitted; *Kyd on awards* 114; at
least all matters within the submission, that were brought
before them, and subjected to their consideration; *ibid. Cald-
well on awards* 100, *et seq., Randall* v. *Randall,* 7 *East,* 80;

*Munhell* v. *Stavely*, 16 *East*, 58; *Hawkins* v. *Coldough*, 1 *Burr. Rep.* 274; *Harker* v. *Hough*, 2 *Halst.* 248; *Richards* v. *Drinkle*, 1 *Halst.* 307—319; *Smith* v. *Demarest*, 3 *Halst.* 195. I cite these cases, to show the general principles, and they are suffi- cient for that purpose. It is true, the submission in this case, was not of several distinct matters ; but it was of *all matters* touching and concerning the trespass complained of. Now as I have already remarked, the trespass complained of, and in fact the only one inquired into, was a trespass committed by the intestate. Whether he was guilty or not, the award does not inform us.

Again, an award must be certain. It ought to be so ex- pressed, as that no reasonable doubt can arise upon the face of it as to the meaning of the arbitrators; *Caldw. on awards* 104; *Kyd on awards* 129. Can it be said that such is the case with this award? Did or did not the arbitrators mean, that the party had no just claims upon the estate of Addis for an injury done by him to their property? I believe no one can answer this question, judging from the face of the award. Arbitrators it is true, are not required to use technical language ; " their meaning is to be expounded according to the intentions of the arbitrators appearing on the award;" *Coxe* v. *Lundy*, *Coxe R.* 255. And in this award they have very clearly expressed their meaning, that the administrators have not committed a trespass, but left it altogether uncertain whether their intes- tate has done so or not.

An award must also be *final.* As the principal object which the parties have in view, when they submit to arbitration, is to prevent future litigation, no rule is better founded, than that which requires the award to be final. *Kyd on awards* 140; 1 *Jac. l. d.* 198. It must be an absolute, conclusive adjudication of the matters in dispute, *Caldw. on awards* 111. It is true, an award of *one* particular thing for the ending of one hundred matters in difference, is sufficient, if it concludes them all. 1 *Keb.* 738 ; 1 *Lev.* 132–3 ; *Caldw. on awards* 112.

If we test this award by this rule, it must certainly fail. Suppose Hazen and others should commence a suit against these administrators, either at the common law, to recover the value of the timber taken by their testator, or an action under

Hazen *v.* Addis.

the 2d section of our statute, *Rev. Laws* 174, for the trespass, *de bonis asportavit*, committed by their intestate? Could this award be pleaded in bar? I believe it will not be pretended, and yet these were the very matters submitted to, and investigated before the arbitrators, and were in my opinion within the spirit and meaning as well as terms of the submission.

There is another objection upon the face of the award. By the submission, the arbitrators are directed to charge the administrators with the amount of the bills of expense of the arbitrators and chain bearers, for their services, &c. This they have not done, but have awarded the plaintiffs to pay the expense of two witnesses, " together with the taxed bill of costs." By the terms of the submission, the costs, other than the arbitrators' and chain bearers' expenses, were to follow the event of the suit. Now, if the expenses of the arbitrators and chain bearers, are a part of the taxable costs, then the arbitrators have imposed the payment of those expenses on the plaintiffs, in direct opposition to the terms of the submission; for in any event, they were to be *awarded* against the administrators. If on the other hand, that bill of expenses be no part of the *taxable* costs, then as no award is made concerning it, each party must pay one half of those expenses. I do not say that this is a fatal objection to the whole of the award—*Caldw. on awards* 116; 2 *Wils. R.* 267; *ibid* 293; show that an award in this respect may be bad, and yet the render of it good.

Being however of opinion, the award is materially and substantially bad, for the reasons before assigned, it is unnecessary to enquire into the alleged irregularity of the proceedings on the part of the arbitrators. Let the award be set aside, but without costs to be paid by either party to the other.

FORD, J. concurred.

RYERSON, J. delivered no opinion, having been of counsel with one of the parties, while at the bar.

Award set aside.

CITED in *McClure* v. *Gulick*, 2 *Harr*, 342.