## ROGERS AND BRICK *vs.* TATUM AND TATUM.

1. If an award goes to matters without the submission, it is nevertheless good, as to so much as is within the submission.

2 An award in the future tense is good, if it appear, from the language of the award, that it was designed by the arbitrators as the decision of a present right.

3. Awards will be interpreted favorably, and every reasonable intendment will be made in their support.

4. An award will not be void for uncertainty, if it may be rendered certain by reference to a written document or by inspection of a particular thing.

5. A submission is not void because no time is specified within which the award shall be made.

Rogers v. Tatum.

6. If the award is signed by two only of the arbitrators, it is not necessary that the presence of the third arbitrator at the time of making the award should appear upon the face of the award itself.

To an action of trespass *quare clausum fregit*, the defendant pleaded an award in bar. The plaintiff's demurred specially to the plea. The grounds of demurrer appear in the opinion of the court.

*Dayton*, for plaintiffs, in support of the demurrer, cited *Watson on Arb.* 102; *Kyd on Awards* 96; *Ewing's N. J. Just.* 130; 1 *Harr.* 442; 1 *Penn.* 48; 1 *South.* 132; 13 *Iredell* 388; 2 *Halst.* 91; 2 *South.* 829; 6 *Mass.* 496; 2 *Tyler* 204.

*Browning*, for defendants, contra, cited 3 *Chit. Pl.* 927, 1062; *Watson on Arb.* 346; 2 *Cowen* 649; 2 *Watts* 311; 5 *Metc.* 363; 6 *New Hamp.* 177; 15 *Verm.* 541; 15 *Johns. R.* 197; 9 *Johns. R.* 43; *Coxe* 255; 1 *Penn.* 48; 1 *South.* 132; *Watson on Arb.* 102; 2 *Cowen*, 638.

The cause was agued before the CHIEF JUSTICE, and ELMER, POTTS, and VREDENBURGH, Justices.

THE CHIEF JUSTICE delivered the opinion of the court.

To an action of trespass *quare clausum fregit*, the defendant pleads an award. To this plea the plaintiff demurs specially.

First, because the award goes beyond the matters submitted. The submission is of matters in difference in regard to certain trespasses and the title to a certain close. The award is, that all controversies and disputes whatever between the parties shall cease. If an award goes to matters without the submission, it is nevertheless good, as to so much as is within the submission. *Com. Dig.* "*Abitrament*" *E,* 8, 19; *Hongland* v. *Veghte,* 3 *Zab.* 92; *Watson on Arb.* 135. In *Webb* v. *Ingram, Cro. Jac.* 663, the submission was of suits for tithes; the award ordered all suits and controversies depending between the said

Rogers *v.* Tatum.

parties to surcease. On demurrer, the court held the award good as to the suits for tithes, and void for the residue. So if the award be that one shall make a release of all actions personal, the release shall be only of actions contained in the submission. *Billing on Awards* 121.

The second ground of demurrer is, that the award is not certain nor final; because, first, it does not decide in whom the title of the lot in controversy is, nor to what damages, if any, the plaintiff was entitled. The award is, that all actions and disputes between the parties shall cease, and be no further prosecuted; that the lot in question shall be and remain in the rightful and lawful possession of the defendant, and that the claim of the plaintiff to the said lot shall cease and become null and void. If the award had been in the present tense, *viz.*, that the lot is in the lawful possession of the defendant; that the plaintiff's title is null and void, and that all actions brought by him for damages do cease, and be no further prosecuted, its legality, certainty, and finality would scarcely admit of a question; for although it would not expressly decide in whom the title really was, it would decide that the plaintiff had neither title nor the right of possession, which, as between the parties, was all that could have been material. But it is objected that the award being in the future tense, it is not the decision of a present right, but merely a direction to be acted upon in future. Admitting the language to be inappropriate and untechnical, was it not designed as the judgment of the arbitrators upon the question of right? If arbitrators award that A shall pay to B $100, and that thereupon B shall execute to A a release of all demands, is it not final? Does it not decide that A owes B $100, and no more? That B's claim against A is good to that extent, and no further? So where the action is for trespass upon land, and the arbitrators award that the action shall cease, that B shall remain in the rightful and lawful possession of

the land, and that A's claim shall cease and become null and void, is it not tantamount to saying that A has no title and no claim for damages, and that B is in the rightful and lawful possession of the premises? Surely B could not remain in the rightful and lawful possession, unless he was so at the time of the award. An award, that nothing is due, is a good award that nothing was due at the commencement of the action. *Dickens* v. *Jarvis*, 5 *Barn. & C.* 528. The modern rule is, that awards shall be interpreted favorably, and that every reasonable intendment shall be made in their support. If it be possible to expound an award favorably, the court will do so. *Caldwell on Arb.* 130.

It is further objected that the award is uncertain, because it does not appear on the face of the award that the lot or close specified is the same close as that specified in the submission. The plea expressly avers that the award is of and concerning the title to, and possession of, the close specified in the submission. But it is insisted that the fact must appear on the face of the award, and must be so set out in pleading. The lot is clearly described in the award, but it is not stated to be the lot in controversy, and which was referred to in the submission. The rule is, that the award, on its face, must appear to be regular and certain, or, as the rule would be more aptly expressed, "the award must not appear to be irregular or uncertain." Certainty to a common intent, in an award, is sufficient; and when the award, though not decidedly certain on its face, may be rendered so by reference to a written document, or by inspection of a particular thing, the award will not be, on this ground, impeachable. In all cases of *prima facie* uncertainty, the averment in pleading will aid the award. *Hawkins* v. *Colclough*, *Burr.* 275; *Caldwell on Arb.* 109, 110, 198. Whether the lot described in the award is the lot specified in the submission, is matter *in pais*, which may be averred in pleading, and proved upon

trial. The award is not void because it is not upon the face of the award in very terms averred to be the lot specified in the submission.

The third objection is, that the submission is void, because no time is specified within which the award shall be made. It is not necessary. Either party, in such case, may request the arbitrators to proceed within a reasonable time. *Curtis* v. *Potts*, 3 *Maule & S.* 145; *Caldwell on Arb.* 46.

Lastly, it is objected that it does not appear that the arbitrator whose name is not signed to the award was present at the meeting of the arbitrators, or participated in their deliberations, or that he had notice of their meeting. It is averred, in the plea, that the arbitrators. having taken upon themselves the burthen of the arbitration, and having been duly affirmed, did duly examine and consider the matters in difference between the parties, and that afterwards two of them made the award. If, in point of fact, after their first meeting, two of the arbitrators subsequently met, deliberated, and made their award in the absence of the third arbitrator, and without notice to him, the fact may be shown upon trial in avoidance of the award. The averment in the plea is sufficient. It is not necessary that the presence of the third arbitrator at the time of making the award should appear upon the face of the award itself.

Let the demurrer be overruled.

CITED *in Hoffman v. Hoffman*, 2 *Dutch.* 178.