## JACOB HOFFMAN *vs.* ZEPHANIAH HOFFMAN.

1. Where a matter is referred to three arbitrators, all must act, though but two sign the award.

2. In an action brought upon an award, if the declaration aver that all the arbitrators took upon themselves the burthen of the arbitrament, and that the third arbitrator refused to sign the award, the averment will be sufficient.

3. It must be shown, in pleading and by proof upon the trial, that all the arbitrators acted; but it is not necessary that the fact should appear on the face of the award: it may be shown by parol evidence.

4. Arbitrators awarded that A should pay to B a certain sum of money on a day specified, and that, on the payment of the money, B should execute to A a release of all demands. *Held,* that the payment of the money and giving the release were not mutually dependent, and that in an action to recover the money, it was not necessary to aver in the declaration that the plaintiff, when he demanded the money, tendered himself ready to execute the release.

5. Where claims against a party, both in his own right and in a representative character, are submitted to arbitration, the award should show in what character the amount awarded is to be paid.

On demurrer to narr.

An action of debt was brought in this court by Jacob W. Hoffman against Zephaniah Hoffman, to recover the amount of an award.

A copy of the award annexed to the declaration was as follows:

Whereas, certain differences having arisen betwen Jacob W. Hoffman, of the township of Tewkesbury, in the county of Hunterdon and State of New Jersey, and Zephaniah Hoffman, of the township of Lebanon, county and state aforesaid; and whereas, for the putting an end to said differences as far as their own personal matters are concerned, and also all differences existing between them in relation to the estate of Nicholas Hoffman, deceased, whereby the said Zephaniah Hoffman acts as administrator, they, the said Jacob W. Hoffman and Zephaniah Hoffman, by their several bonds or obligations, bearing date the twenty-seventh day of March last past, are reciprocally bound to each other to stand to, abide and keep the award, order and final determination of Peter Tiger, John W. Hummer, and John A. Vescelius, or any two of them, so as the said award be in writing, and ready to be delivered to the parties in difference on or before the first day of July next ensuing, as by the said obligation and condition thereof may appear:

Now know ye, that we, the said arbitrators whose names are hereunto subscribed and seal affixed, taking upon us the burthen of said award, and having first severally taken an oath to hear and examine the matters in difference submitted to us, and make a true report according to the best of our skill and ability, and having fully examined and duly considered the proofs and allegations of both the said parties, do make and publish this our award and final determination between the said parties in manner and form following, that is to say:

*First.* We do hereby award and order that the said Zephaniah Hoffman shall, on or before the first day of April next ensuing, pay, or cause to be paid, unto the said Jacob W. Hoffman the sum of two hundred and twenty-six dollars, with interest from the date hereof.

*Secondly.* We do award and order that the said Jacob W. Hoffman, on payment of the said sum of two hundred and twenty-six dollars, shall, in due form of law, execute

to the said Zephaniah Hoffman sufficient releases in law of all action or actions and cause or causes of action or actions whatsoever.

*Thirdly.* We do award and order that one-half of the costs of this arbitration, amounting to the sum of twenty dollars, be paid by the party who has incurred the same.

*Fourthly.* We do award and order that said Zephaniah Hoffman retain, and appropriate to his own use, a certain lot of limestone lying near his lime-kiln in Tewkesbury.

*Fifthly.* We do award that all actions and cause of actions and matters of difference between the said parties at the date hereof shall cease and be no further prosecuted.

In witness whereof, we have hereunto set our hands and seals this twenty-sixth day of June, in the year of our Lord one thousand eight hundred and fifty-five.

PETER TIGER.          [SEAL.]

JOHN A. VESCELIUS. [SEAL.]

To the declaration, the defendant filed a general demurrer, the grounds of which sufficiently appear in the opinion of the court.

The cause was argued, at November Term, 1856, before the CHIEF JUSTICE, and Justices RYERSON, and VREDENBURGH.

*Wurts,* for defendant, in support of the demurrer.

*Ransom, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

The first ground of demurrer is, that the declaration states that the award was signed by two only of the arbitrators, and does not aver that the third arbitrator acted. The averment of the declaration is, that all the arbitrators took upon themselves the burthen of the arbitrament, and that the third arbitrator refused to sign the award. The averment is in accordance with approved precedents, and

shows affirmatively that all the arbitrators acted. It is further insisted that it should appear, upon the face of the award itself, that all the arbitrators acted, otherwise the award is void. And inasmuch as, by the copy of the award attached to the declaration, and which by the act of 1855, § 27, is made a part of the record, it is averred that two only of the arbitrators took upon themselves the burthen of the arbitrament, the award is void, and will be so adjudged upon demurrer. Assuming that the defendant may, by demurrer or plea, avail himself of any objection to the instrument declared on, upon a recital of the copy on the record pursuant to the statute, as fully as he might on craving oyer, the objection is not valid. It must undoubtedly be shown, in pleading and by proof upon the trial, that all the arbitrators acted. *Moore* v. *Executors of Moore, Coxe* 144; *Hoff* v. *Taylor*, 2 *South.* 829; *Little* v. *Newton*; 2 *Man. & Gran.* 351.

But it is not necessary that the fact should appear upon the face of the award. The principle, that in cases of special delegated authority, it must appear upon the face of the proceedings that the tribunal acted within the scope of their authority, does not apply to the awards of arbitrators. It is the constant practice to show, by averments in pleading, that the award was regular and within the scope of the authority conferred on the arbitrators. The principle was recognized by this court in *Rogers* v. *Tatum*, 1 *Dutcher* 281. In *Yates* v. *Russell*, 17 *Johns. R.* 461, it appeared that two only of the referees signed the report, which stated that the subscribers heard the evidence and decided the case. An objection was made to the validity of the report upon this ground, but the Court of Appeals overruled the objection, saying, if all the referees did not assemble, the objection ought to have been raised in the Supreme Court, or been made to appear by affidavit, or certificate of the referees, on the coming in of the report.

In *Ackley* v. *Finch*, 7 *Cowen* 290, it was held that when two only of the arbitrators signed the award, and it did

not appear on the face of the award that the three heard the proofs and allegations of the parties, the fact might be shown by evidence *aliunde*. The court say it is apprehended that no case can be adduced showing the necessity of the fact appearing in the award itself. To prove it by parol does not contravene any adjudged principle in the exposition of awards. It neither impeaches nor supports its merits, but supplies a fact not affirmed or denied by the award, and which, perhaps, it was not the duty of the two arbitrators to notice.

The case of *Short* v. *Pratt*, 6 *Mass.* 496, does not conflict with the authorities already cited. It decides merely, that on a reference to three, a judgment entered upon the report of two will be reversed, unless it appear on the record that all the referees acted and heard the parties. It does not decide that the fact must appear on the face of the report, and that it may not be shown by affidavit or by other evidence *aliunde*. That such was not the view of the court is apparent from the case of *Walker* v. *Melcher*, 14 *Mass.* 148.

The second ground of demurrer is, that there is no averment in the declaration that when the money awarded to the plaintiff was demanded, the plaintiff tendered himself ready to do what was awarded to be done by him, viz., to execute releases. If the acts of paying the money by the defendant and executing a release by the plaintiff were dependent acts, or were to be performed simultaneously, the objection is well taken. And whether the acts are dependent is to be ascertained by the intention of the arbitrators, as it appears upon the face of the award. The award is that the defendant shall pay to the plaintiff a certain sum of money on a day specified, and that, on the payment of the money, the plaintiff shall execute to the defendant a release of all demands. The payment of the money and the giving of the release are, neither by the terms of the award, nor by the intrinsic nature of the acts themselves, mutually dependent. Neither was the

consideration for the other. The payment of the money was in discharge of a previously subsisting claim, and its payment was a condition precedent to the execution of the release. When the money had been paid, and not before, the release was to be executed. The plaintiff had no right to demand the release, nor was the defendant bound to tender it before the money had been paid. The case is in no sense analogous to an award of a conveyance of land by one of the parties, and the payment of the price by the other. There the acts to be performed are clearly dependent. The one constitutes the consideration for the other, and neither party can maintain an action for non-performance of the award without an averment of performance or of an offer to perform on his part. *Huy* v. *Brown*, 12 *Wend.* 591 ; 2 *Greenl. Ev.*, § 77 ; *McKean* v. *Allen*, 2 *Harr.* 507.

The third ground of demurrer is, that the award is void for uncertainty. By the terms of the submission the arbitrators are to award and determine of and concerning all actions, causes of action and demands whatsoever, existing between the parties, as far as their own personal matters are concerned, and also all differences existing between them relative to the estate of Nicholas Hoffman, of which the defendant is administrator. The arbitrators award that the defendant shall pay the plaintiff $226, but whether the money is due from him in his individual capacity, or as administrator of the estate of Nicholas Hoffman, or partly in both, does not appear. If the sum awarded to be paid by the defendant is to be paid by him in his individual capacity, and has no relation to his accounts as administrator, then the arbitrators have not arbitrated upon all the matters submitted to them. If otherwise, the award is clearly void for uncertainty. The case falls directly within the authority of *Lyle* v. *Rogers*, 5 *Wheat.* 394.

The invalidity of the award appearing upon the face of the declaration, the objection is well taken by way of demurrer. *Watson on Arb.* 108 ; 1 *Saund. P. and Ev.* 181.

Let judgment be entered for the defendant.