COLLINGS CARRIAGE COMPANY

*v.*

GERMAN AMERICAN INSURANCE COMPANY et al.

[Submitted April 18th, 1916.   Determined April 19th, 1916.]

1. An arbitrator who has signed an award should not be allowed to contradict his solemn act and testify against his award.

2. Where, pursuant to terms of contracts of insurance, it was agreed that each party should appoint an appraiser, and that the two appraisers

so appointed should appoint an umpire, to whom they would submit their differences, and that an award in writing of any two should determine the amount of loss, the signature of the umpire is without vitality unless and until the two appraisers have failed to agree.

3. Where, pursuant to the terms of insurance contracts, two appraisers and an umpire were chosen and made an award as to the sound value of the property, which one of the appraisers signed without giving his consideration to or exercising his judgment on the subject, because he was told that the appraisal of the sound value of the property was a mere matter of form, the award was invalid, since if, through fraud, accident or mistake, an award does not embody the real judgment of the parties who return it, because there has been no consideration or attempt at consideration, it is not their award nor a compliance with. the requirements of the agreement of submission.

4. The court has no concern with errors of judgment on the part of appraisers making an award.

On final hearing. On bill to set aside an award.

*Mr. Joseph Beck Tyler* and *Mr. Norman Grey,* for the complainant.

*Messrs. James & Malcolm G. Buchanan,* for the defendants.

LEAMING, V. C.

Complainant is the owner of certain buildings which have been partially destroyed by fire. Defendants are severally fire insurance companies who have insured complainant against the loss which he has sustained. Pursuant to the terms of the contracts of insurance the insured and insurers respectively entered into an agreement submitting to appraisers the determination of "sound value" and "loss and damage." By the agreement of submission the parties agreed to each appoint an appraiser and that the two appraisers so appointed should appoint an umpire to whom they would submit their differences in case of failure to agree, and that the award in writing of any two should determine the amount of loss. By this agreement of submission two distinct matters are referred to the appraisers for their "estimate and appraisement" in the manner already stated, namely, "the sound value" of the property and "the amount of loss or damage directly caused by the fire to and upon the

same." These two items, that is, "sound value" and "loss and damage," are required to be stated separately in the award.

Pursuant to this agreement of submission complainant appointed Patrick J. Farley as an appraiser and defendants appointed Frank Turner as an appraiser and the two appraisers appointed George Bachman as umpire. An award was thereafter signed by the three in which they certified that the "sound value" was $48,375.85 and that the "loss and damage" was $20,237.35.

By this suit complainant seeks to set aside the award.

Without entering upon a detailed discussion of the testimony I find the facts to be that after the appraisers had fully considered the subject of loss and damage and reached an agreement that the loss and damage amounted to $20,237.35, and before either of them had entered upon the consideration of or undertaken to ascertain the "sound value," a statement was made by Mr. Turner to Mr. Farley to the effect that the appraisal of the sound value of the injured property was a matter of mere form and of no importance and without effect. This statement, though false in fact, was apparently made in good faith. The statement was believed to be true by Mr. Farley and was operative to lead him to wholly withdraw from his consideration the subject of sound value and induced him to subscribe to an award which certified the sound value without in fact exercising his judgment on that subject. The two appraisers and the umpire accordingly signed an award which certified the loss and damage which had been ascertained and also certified that $48,375.85 was the sound value without Mr. Farley having made any effort whatever to ascertain the sound value and without his having given any consideration to that subject. Mr. Turner and the umpire had figured the approximate cubical contents of the buildings and arrived at the sound value by an artificial rate per cubic foot. Mr. Farley was present when that calculation was made but did not participate or exercise his own judgment in the slightest degree by reason of his belief that it was a wholly immaterial matter, and he accordingly signed the award under that belief.

In arriving at these findings of fact I am not unmindful of the necessity of certainty of proofs in matters of this nature. The evidence fully satisfies me that there can be no substantial doubt that the award was made in the manner here stated. It has also been held that an arbitrator who has signed an award should not be allowed to contradict his solemn act and that, in consequence, he should not be permitted to testify against his award. Whether that rule should be applied to proceedings of appraisers in appraisements of this nature and whether it should be applied to a case in which either an arbitrator or appraiser has through misapprehension signed an award in a matter touching which he had not in fact participated need not be considered here, for the evidence other than that of Mr. Farley is, in my judgment, adequate to fully establish the facts already stated. The matters which transpired immediately after the award was signed render it impossible to doubt that the award was made in the manner above stated.

The circumstance that the umpire and one appraiser gave some consideration to the subject of sound value and signed the award is immaterial. The signature of the umpire is without vitality unless and until the two appraisers have failed to agree. There was no disagreement between the two appraisers touching sound value.

The situation thus presented discloses an award signed by the two appraisers certifying to a sound value ascertained by them, whereas one of them did not in fact either appraise or ascertain or undertake to appraise or ascertain the sound value, but on the contrary gave no consideration whatever to that subject.

There is one essential element which obviously must enter into any award, to give it inherent vitality. It must be a real award; it must correctly embody the real judgment of the parties who make it. If through fraud, accident or mistake the written instrument which is returned as an award is not the real award of the parties who return it, if through fraud, accident or mistake it does not embody the real judgment of the parties who return it, it is not their award. With errors of

judgment on the part of the parties making the award this court has no concern; but if the award which is returned does not embody their real judgment on the matters submitted for their award this court should relieve against its operation as an award.

In the submission here in question the appraisers were required to ascertain and certify the sound value and the loss; the umpire was authorized to act only in case of the inability of the appraisers to agree. If the appraisers performed the duties required of them in the agreement of submission and exercised their honest judgment on these two material matters submitted for their judgment, and the award returned embodies their judgment, there is in the present case no infirmity in the award which this court can consider. But if either of these two material matters which were submitted to them for the exercise of their judgment was not in fact considered by both, or either of them, there was obviously not only a failure of duty on their part but no real award pursuant to the submission, for in such case the award certifies an exercise of judgment pursuant to the submission, which, in fact, was not exercised. The distinction between an error of judgment and a total failure to give any consideration whatever to the matter submitted is clear and distinct. In the one case, there is the honest exercise of a frail judgment; in the other, there is no honest attempt to exercise any judgment, and the award is necessarily a false certification of judgment. In the latter circumstance the inquiry is not whether they gave mature consideration to the subject or whether they might have given more consideration to the subject, but is whether the subject was considered at all for the purpose of exercising a judgment. The submission is for their consideration and judgment. There must be a consideration and judgment or the submission is not followed. If an appraiser does not act as an appraiser he cannot make an award. There can be no real award when there has been no consideration, or attempt at consideration, of the subject submitted; without an exercise of honest judgment there can be no award which is binding on the parties in interest.

In the absence of fraud, it is clearly immaterial why one appraiser failed to consider the subject of sound value. If he did not consider it, and signed the award without intending to thereby proclaim or certify his judgment touching it, he has not only failed to comply with the requirements of the agreement of submission through his failure to appraise, but has, through accident and mistake, executed a certificate contrary to his purpose and intent. The award which was signed was no more Mr. Farley's award touching sound value than it would have been had it been signed by a stranger.

I am convinced that complainant should be relieved from the operation of this award. But I see no justification for doing more than require the appraisers to again meet and consider the subject of sound value. They have considered and determined the amount of loss and damage. The mistake of Mr. Farley in failing to consider sound value has no bearing upon that independent part of the award already considered and determined. If they cannot agree upon sound value after they have considered that subject, the umpire should be called in to act with them, and the award then made on sound value will fully discharge their duties. This accords with the practice adopted in *In re Dare Valley Railway Co., L. R. 6 Eq. 429.*

The bill bases its claim for relief upon allegations of fraud. The bill should be amended to conform to the proofs. No injury will flow to defendants from that course, as all witnesses having knowledge of the matters in controversy have been fully examined.

I will advise a decree to that effect.