HOMER W. DEAKMAN AND T. RICHMOND WELLS, PART-NERS, TRADING AS DEAKMAN-WELLS COMPANY, RE-SPONDENTS, v. THE ODD FELLOWS HALL ASSOCIA-TION OF JERSEY CITY, INCORPORATED, APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Melosh, Morten & Melosh.*

For the respondents, *Autenreith, Gannon & Wortendyke* (*Reynier J. Wortendyke, Jr.,* of counsel).

The opinion of the court was delivered by

HEHER, J. This is an appeal from the judgment of the Hudson Circuit Court entered upon an award made by arbi-trators appointed under the Arbitration act of 1923. *Pamph. L.* 1923, *p.* 291.

The respondents brought action in the Circuit Court to recover moneys claimed to be due under a building construc-

tion contract. Appellant answered denying performance of the contract and the right of respondents to maintain the action because of a provision in the contract requiring the submission of disputed questions to arbitration. It filed a counter-claim based upon the alleged non-performance of the contract. Issue was joined, but before trial a rule was entered submitting the controversy to arbitration pursuant to the statute.

The arbitrators, by unanimous action, made an award in favor of respondents. Appellant moved to vacate it upon the ground, among others, that the arbitrators considered and were influenced in their conclusions by evidence not properly before them. By a supplemental report, made pursuant to an order directing the resubmission of the matter, the arbitrators certified that their conclusions were based entirely upon the evidence presented by the parties, and their inspection of the building. The other grounds advanced in support of the motion to vacate were that the award was procured by undue means and that the arbitrators exceded their powers and were guilty of misbehavior, in that they made an award not supported by the proofs. The motion to vacate the award was denied, and judgment was entered thereon.

The grounds of appeal are, in effect, those advanced in support of the motion to vacate the award, except that based upon the claim that the arbitrators considered evidence not properly before them.

By paragraph 14 of the act of 1923, a judgment entered upon an award has the same force and effect, in all respects, as, and is subject to all the provisions of law relating to, a judgment in an action. Paragraph 15 provides that an appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action.

The scope of the appeal is limited by paragraphs 9 and 10. Paragraph 9 requires the vacating of the award (in the court which has jurisdiction by virtue of the submission agreement) in either of the following cases, viz., (a) where the award was procured by corruption, fraud or undue means; (b) where there was evident partiality or corruption in the arbitrators,

or either of them; (c) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors, by which the rights of any party have been prejudiced, and (d) where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award, upon the subject-matter submitted, was not made. Paragraph 10 directs the modification or correction of the award (likewise in the court which has jurisdiction in the first instance) in cases where there was an evident miscalculation or mistake; where the arbitrators have made an award upon a matter not submitted to them, or where the award is imperfect in a matter of form. There was no application to modify or correct the award in the case,*sub judice.*

There was no evidence establishing any of the infirmities specified in paragraph 9 of the act as grounds for vacating the award, and there is therefore no ground for reversal here. What the appellant apparently seeks is an examination of the evidence and a finding by this court that the award of the arbitrators is unreasonable as against the weight of the evidence. It cannot have such review on appeal. *Bell* v. *Price,* 22 *N. J. L.* 578; *Booye* v. *Muth,* 69 *Id.* 266; *Kaplan* v. *Niagara Fire Insurance Co.,* 73 *Id.* 780; *West Jersey Railroad Co.* v. *Thomas,* 23 *N. J. Eq.* 431; *Hewitt* v. *Lehigh and Hudson River Railway Co.,* 57 *Id.* 511.

In the absence of evidence justifying the vacating of the award on one or more of the grounds specified in paragraph 9 of the act of 1923, it is final as to the facts, and this court will not review the testimony for the purpose of determining whether the judgment of the arbitrators is a reasonable one. The present act does not abrogate this well established rule.

The judgment below will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.