30 N.J. Super. 60 (1954)
103 A.2d 392
PHILIP H. CRETER, JR., PLAINTIFF,
v.
G. ALEXANDER DAVIES, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 25, 1954.
*61 Mr. John J. Rafferty for the plaintiff (Messrs. Rafferty & Blacher, attorneys).
Mr. Samuel R. Blaine for the defendant.
FREUND, J.S.C.
A building contract between the plaintiff Philip H. Creter, Jr., as owner, and the defendant G. Alexander Davies, as general contractor, contained a provision for arbitration of disputes. A dispute having arisen, the defendant applied for arbitration, and on December 10, 1953 a judgment was entered in this court directing the parties to proceed to arbitration before the American Arbitration Association in accordance with their contract. Hearings were held before a board of three arbitrators for three days in the City of New York. Both parties attended and *62 presented evidence. An award in favor of the defendant was made and he moves for confirmation. The plaintiff opposes the defendant's motion and desires to take the deposition of the arbitrators for the following reasons: (1) that the controversy was not arbitrable, (2) to correct an apparent arithmetical error in the award, (3) because it appears on the face of the award that it was not signed jointly by a majority of the arbitrators at the same time and place, and (4) because it does not appear on the face of the award that all the arbitrators conferred jointly in reviewing the testimony and exhibits.
The contract provided that "all disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration. * * *" The controversy between the parties related to a claim for payment for work performed and losses incurred by the defendant and was clearly an arbitrable dispute under the contract. Prior to the entry of the judgment of December 10, 1953 directing arbitration, the plaintiff argued that the dispute was not arbitrable. Clearly, there was no merit in the plaintiff's contention and it was overruled. Thereafter, the parties participated in the arbitration hearings.
The arbitrators awarded the defendant the sum of $6,492.34. It should have been $6,392.33. The miscalculation is evident on the face of the award. The court has the power to correct this arithmetical error by awarding the correct amount in the judgment, without the depositions of the arbitrators and the tribunal clerk of the American Arbitration Association which the plaintiff proposes to take. N.J.S. 2A:24-9(a).
From the award it appears that three arbitrators, Philip Grove, John P. Nelson and Jerome R. Rosenthal, were appointed and conducted the hearings. The award is dated January 14, 1954, and on that day was signed by two of the arbitrators, Grove and Rosenthal. It was acknowledged on the same day by Grove and on January 18, 1954 by Rosenthal. Besides the recital in the award, the letter of transmittal of the American Arbitration Association reads: "In *63 accordance with Section 44 of the Commercial Arbitration Rules of this Association and by direction of the arbitrators, Messrs. Philip Grove and Jerome R. Rosenthal, we enclose herewith their duly executed award. * * *"
It is the general rule under the common law that there must be unanimity of conclusion among arbitrators unless otherwise indicated. Carhal Factors, Inc. v. Salkind, 5 N.J. 485 (1950). However, here the contract between the parties provided that the Commercial Arbitration Rules of the American Arbitration Association and the Standard Form of Arbitration Procedure of the American Institute of Architects should apply. The Commercial Arbitration Rules of the American Arbitration Association provide:
"27. Majority Decision  Whenever there is more than one Arbitrator, all decisions of the Arbitrators may be by majority vote. The award may also be made by majority vote unless the concurrence of all is expressly required by the arbitration agreement or by law."
"41. Form  The award shall be in writing and shall be signed either by the sole Arbitrator or by a majority if there be more than one. It shall be executed in the manner required by law."
Moreover, paragraph 14 of the Standard Form of Arbitration Procedure of the American Institute of Architects reads as follows:
"14. Awards.
The arbitrators shall decide, by a majority vote, any issue presented to them within the scope of the controversy, including the making of the award. The award shall be made in writing and shall be signed by all or by a majority of the arbitrators, and shall be acknowledged when the prevailing law so requires. * * *"
The New Jersey statute, N.J.S. 2A:24-7, requires that an award be acknowledged in like manner as a deed for the conveyance of real estate.
In the instant case the award was signed by a majority of the arbitrators and the acknowledgments are in due form. There is no requirement that the majority of the arbitrators sign and acknowledge at the same time and place. An award will be confirmed if it is acknowledged before it is filed. International Association of Machinists *64 v. Bergen Ave., etc., Ass'n, 3 N.J. Super. 558 (Law Div. 1949).
The plaintiff relies on the cases of Moore v. Ewing, 1 N.J.L. 144 (Sup. Ct. 1792), and Hoffman v. Hoffman, 26 N.J.L. 175 (Sup. Ct. 1857), that for an award to be valid it must appear that the arbitrators acted jointly and not separately. Here, the award shows on its face that the arbitrators jointly conducted the hearings and that a majority signed and acknowledged the award as required by statute and the rules of the American Arbitration Association. The presumption is that an award is usually unassailable, operates as a final and conclusive determination and, however disappointing it may be, is binding on the parties. Every intendment is indulged in favor of an award and it is subject to impeachment only in a clear case. Rogers v. Tatum, 25 N.J.L. 281 (Sup. Ct. 1855); Deakman v. Odd Fellows Hall Ass'n, etc., Inc., 110 N.J.L. 304 (E. & A. 1932); Igoe Bros., Inc. v. National Ben Franklin Fire Ins. Co., 110 N.J. Eq. 373 (E. & A. 1932); Eastern Engineering Co. v. City of Ocean City, 11 N.J. Misc. 508 (Sup. Ct. 1933); Held v. Comfort Bus Line, 136 N.J.L. 640 (Sup. Ct. 1948); International Association of Machinists v. Bergen Ave., etc., Ass'n, supra.
The grounds upon which an award of arbitrators may be vacated are set forth in N.J.S. 2A:24-8. Caporaso v. Durante, 132 N.J.L. 16 (Sup. Ct. 1944), affirmed 132 N.J.L. 419 (E. & A. 1944); Anco Products Corporation v. T-V Products Corporation, 23 N.J. Super. 116 (App. Div. 1952). If the purpose of the plaintiff in seeking to take the depositions of the arbitrators was to establish any of the statutory grounds for setting the award aside, the entry of judgment on defendant's motion for confirmation of the award might be deferred, but here no charge is made that the award is violative of the statute.
There being no valid objection to the defendant's application, the award will be confirmed in the correct amount of $6,392.33, and the plaintiff's motion to take depositions will be denied.