31 N.J. Super. 402 (1954)
107 A.2d 17
PHILIP CRETER, JR., PLAINTIFF-APPELLANT,
v.
G. ALEXANDER DAVIES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1954.
Decided July 2, 1954.
*403 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. John J. Rafferty argued the cause for plaintiff-appellant (Messrs. Rafferty & Blacher, attorneys).
Mr. Samuel R. Blaine argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Appeal is taken from a judgment made in 1954 in a summary action informally brought under N.J.S. 2A:24-7, R.R. 4:85, for the confirmation of an arbitration award. 30 N.J. Super. 60 (Ch. Div. 1954).
Judgment had been entered in 1953 in an earlier action between the same parties, in which judgment they were directed to proceed to arbitration. Though these two actions were based on different causes of action, nevertheless under the doctrine of collateral estoppel the judgment in the earlier action is conclusive now as to matters actually litigated and determined in the earlier action. Miller v. Stieglitz, 113 N.J.L. 40 (E. & A. 1934); Phillips v. Phillips, 119 N.J. Eq. 497 (E. & A. 1936); Nystrom v. Pennycook, 29 N.J. Super. 456 (App. Div. 1954).
Plaintiff argues that the dispute here is not arbitrable. But the trial court found in its opinion (30 N.J. Super., at p. 62) that this question had been argued by plaintiff before the entry of the 1953 judgment. The plaintiff disputes the trial court's finding, but what he says on the matter is unpersuasive.
Plaintiff also argues that the demand for arbitration was not timely under the contract between the parties. On this point the earlier judgment explicitly adjudicates that defendant made a proper demand for arbitration pursuant to the terms of the contract.
Plaintiff next claims the trial court erred in denying a motion he made for the issuance of a commission to take depositions in New York. The grounds of the motion, as *404 argued before the trial court, are reported in its opinion, and we are limited in our consideration of the case to those matters. So viewed, we find no error here.
The remaining points presented on the appeal are dealt with by Judge Freund, and as to them we affirm the judgment for the reasons stated by him.
Affirmed.