82 N.J. Super. 562 (1964)
198 A.2d 486
TAVE CONSTRUCTION CO., INC. A NEW JERSEY CORPORATION, PLAINTIFF,
v.
BENJAMIN WIESENFELD, BESS WIESENFELD, FRANKLYN B. SPIEZLE, AND WINDSOR CONSTRUCTION CO., A CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 4, 1964.
*563 Mr. David L. Greene for plaintiff.
Mr. Sidney M. Schreiber for defendants (Messrs. Schreiber, Lancaster & Demos, attorneys).
LEONARD, J.S.C.
This matter is before the court on plaintiff's motion to confirm the award of arbitrators and upon defendants' motion to vacate said award. The depositions of said arbitrators were taken pursuant to an order of this court, made on the return date of these motions. The court has read the transcript thereof and the transcript of the original arbitration proceeding, together with all exhibits placed in evidence therein. All have been considered in reaching the following conclusion.
Defendants first argue that N.J.S. 2A:24-5 has been violated because more than one arbitrator heard the dispute. However, N.J.S. 2A:24-5 provides that "the arbitration shall be by a single arbitrator unless otherwise provided." The contract does otherwise provide. Article 40 thereof incorporates *564 by reference the standard form of the American Institute of Architects, which permits the American Arbitration Association to act within their rules. Section 16 of the commercial arbitration rules of the American Arbitration Association states:
"If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard by one arbitrator, unless the Administrator in its discretion specifically directs that a greater number of arbitrators be appointed." (Emphasis supplied)
At the outset of the arbitration proceedings herein, the tribunal clerk clearly indicated that due to the large amount in controversy, the administrator had exercised his discretion and directed that three arbitrators be appointed. Crystal Ice and Cold Storage Co. v. Elmer, 82 N.J. Eq. 486 (Ch. Div. 1913), relied upon by defendants; discusses failure to comply with statutory requirements although it does not deal with the number of arbitrators. That decision is inapplicable to the facts sub judice because, as above noted, the incorporation of the American Arbitration Association rules into the contract obviated use of the statutory provision as to number of arbitrators which is employed only if the contract is silent.
Defendants next contend that the award should be vacated because Martin Tave, a party to the agreement, was not included in the award.
Royal Indem. Co. v. Hartford Acc. & Indem. Co., 58 N.J. Super. 75 (App. Div. 1959), relied upon by defendants, is not in point as it does not involve arbitration. Moreover, the court stresses the importance of whether or not there is unfairness in the failure to include a particular person as a party (58 N.J. Super., at p. 79). As hereinafter demonstrated, such unfairness is not present here.
In Carhal Factors, Inc. v. Salkind, 5 N.J. 485 (1950), relied on by defendants, an arbitration award was declared void because plaintiff did not distinguish between defendants in their individual and partnership capacities as against their corporate capacity. The court there said:
*565 "The arbitrators made the mistake, apparent upon the face of the award, of treating the defendants as a single defendant to be charged with the same debts. * * * An award which does not clearly fix the identity of a party defendant and the capacity in which he is charged is void for uncertainty." (5 N.J., at p. 491)
Leslie v. Leslie, 50 N.J. Eq. 103 (Ch. Div. 1892), and Hazen v. Addis, 14 N.J.L. 333 (Sup. Ct. 1834), discuss the necessity that the award of the arbitrators must be definite and final. On the basis of this test, the omission of Martin Tave as a party to the arbitration is not grounds for vacation of the award. All the relevant issues in the arbitration were before the arbitrators and, unlike Salkind, supra, there is no problem of the percentage of payment to be made respectively by the individual and the corporation.
Ench Equipment v. Enkay Foods, Inc., 43 N.J. Super. 500 (App. Div. 1957), and Rosenthal v. Berman, 14 N.J. Super. 348 (App. Div. 1951), discuss the policy against allowing a party to avoid an arbitration "by dragging in extraneous issues and unnecessary parties." When defendants refused to include Benjamin Wiesenfeld as a party to the arbitration, the American Arbitration Association on January 19, 1962 indicated that it had no power to direct him to become a party. Upon application of plaintiff, this court on February 16, 1962 ordered that Wiesenfeld become a party to the arbitration. Defendants were therefore aware that the Association could not compel submission, but did not raise the question of Martin Tave's status until April 26, 1962, after the arbitration proceedings had commenced. This was some five months following plaintiff's demand for arbitration. Defendants, by their failure to make a timely application to compel Martin Tave to submit to arbitration, have waived their right so to do. To allow one party to an arbitration to remain quiet until the proceedings therein commence and then, for the first time, to request the inclusion therein of another party, well knowing that the arbitrators are without authority to compel the same, would place the first party in the position where he could accept the award if favorable and *566 overturn it if not. See Brotherton, Inc., v. Kreielsheimer, 8 N.J. 66, 70 (1951). This court will not countenance such a "straddle the fence" technique. In addition thereto, defendants have never demanded in writing that Martin Tave be included in said arbitration as is required in article 40 of the contract between the parties.
It is noted that defendants will not be prejudiced by Martin Tave's exclusion because defendants examined him on the issues in his capacity as president of plaintiff corporation, and Tave has agreed to waive any personal rights which he may have against defendants. See Finley v. Factory, etc., Ins. Co. of America, 38 N.J. Super. 390 (Law Div. 1955), as to the importance of practical considerations.
There is no basis for defendants' position that the award was inconclusive, indefinite and ambiguous on its face. Defendants cite authority only for the general proposition that the award must be a final determination of dispute between the parties. They argue that it is impossible to comply with N.J.S. 2A:24-9, which sets out grounds for modification or correction of an award when the award is so nonspecific as to contain only a statement of the money due. But the mere fact that the arbitrators gave no details in the award does not justify the vacation thereof.
In Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175 (1963), the court held that where the agreement to arbitrate "did not require separate awards as to each item," it was permissible to arbitrate a lump sum award. That case involved a lump sum award for legal fees arising from two separate matters. The court asked the arbitrators to certify the amount allocated to each item, but upheld the award even though the arbitrators were unable to do so because the lump sum award
"represents an adjustment or reconciliation of divergent views among them. * * * It therefore cannot even be said that the award actually includes allowances for the items to which defendant objects." (40 N.J., at p. 178)
*567 Defendants also allege that the arbitrators exceeded their powers in going outside the scope of the submission and that the arbitrators were guilty of misbehaviors prejudicial to the rights of defendants, which would permit vacation of the award under N.J.S. 2A:24-8(c).
Although one of the arbitrators discusses termination, there is no proof that the arbitrators' decision was based upon whether or not termination by the Wiesenfelds was proper. Deakman v. Odd Fellows Hall, 110 N.J.L. 304 (E. & A. 1932), states that generally courts will not vacate arbitration awards, but that a ground for so doing is established if the arbitrators exceeded their powers. However, the arbitrators herein did not acknowledge any error nor do their depositions demonstrate facts that would constitute the same, as is required by Bell v. Price, 22 N.J.L. 578, 585 (E. & A. 1849). Burns International Detective Agency, Inc. v. New Jersey Guards Union, 64 N.J. Super. 301, 312 (App. Div. 1960), indicates that:
"Our cases have held that an arbitrator's award will not be disturbed unless the arbitrator has made either a mistake of fact, apparent upon the face of the award or admitted by the arbitrator, or a mistake of law in a situation where the arbitrator clearly intended to decide according to law and misstated the legal rule."
The "misbehavior" which defendants allege as appearing on the face of the award is that defendants counterclaimed for $104,544.20 and were awarded "only" $8,250.06, which amount, when set off against the award made to the plaintiff, made plaintiff's net award come out to a round $60,000. This is not evidence of error. On the contrary, there was testimony that the award arrived at was a compromise of the different views which the arbitrators had, and this is unquestionably proper. Daly v. Komline-Sanderson Engineering Corp., supra.
Collingswood Hosiery Mills v. American Federation of Hosiery Workers, 31 N.J. Super. 466 (App. Div. 1954), states that "once an award is made, there should be much *568 reluctance in interfering with it. So far as may be, an arbitration should be an end to litigation, not the beginning of it." The court therein confirmed the arbitration award even though the arbitrator in reaching his conclusion gave consideration to a legal rule of contract interpretation. However, the court noted that this only affected a subsidiary matter and stated generally an arbitrator should not attempt to legally construe a contract, but should base his award on "his own notions of what is right."
At oral argument defendants for the first time alleged that there were "misbehaviors" committed as a result of interference by the tribunal clerk. The fact that the arbitrators were advised by the tribunal clerk with reference to defendants' objection that the matter should not be arbitrated, in no way affects the award. There is absolutely no evidence that the arbitrators sought "outside evidence by independent investigation" or that they did anything but "render a faithful, honest and disinterested opinion upon the testimony submitted to it." Brotherton, Inc. v. Kreielsheimer, supra, 8 N.J., at p. 70.
At oral argument defendants also raised for the first time the contention that the award is not valid because the arbitrators failed to approve and execute the award at the same time and place. They cite Moore v. Ewing, 1 N.J.L. 144, 147 (Sup. Ct. 1792), as authority for this contention. In Creter v. Davies, 30 N.J. Super. 60 (Ch. Div. 1954), although the award was signed by two of the three arbitrators on the same day, there was no evidence that it was signed at the same time and place. The court there said:
"There is no requirement that the majority of the arbitrators sign and acknowledge at the same time and place. An award will be confirmed if it is acknowledged before it is filed. * * *
The plaintiff relies on the cases of Moore v. Ewing, 1 N.J.L. 144 (Sup. Ct. 1792), and Hoffman v. Hoffman, 26 N.J. Law 175 (Sup. Ct. 1857), that for an award to be valid it must appear that the arbitrators acted jointly and not separately. Here, the award shows on its face that the arbitrators jointly conducted the hearings and that a majority signed and acknowledged the award as required by *569 statute and the rules of the American Arbitration Association. The presumption is that an award is usually unassailable, operates as a final and conclusive determination, and, however disappointing it may be, is binding on the parties. Every intendment is indulged in favor of an award and it is subject to impeachment only in a clear case."
The arbitrators herein fully complied with the requirements of Creter v. Davies, supra.
The general policy of the courts with reference to arbitration awards is set forth in Hartwyk v. Monroe Calculating Machine Co., 13 N.J. Super. 161, 165 (Ch. Div. 1951), where the court states:
"In arbitration every intendment is indulged in favor of the award; and it is subject to impeachment only in a clear case. * * * Arbitration proceedings are favored by the courts and the courts will make all fair presumptions to sustain an award."
The burden of proof is on a party seeking to set aside an arbitration. Central Union Stock Yards Co. v. Uvalde Asphalt Paving Co., 82 N.J. Eq. 246 (Ch. 1913). As defendants have not sustained this burden, their motion to vacate the arbitration award is denied and plaintiff's motion to confirm said award is granted. Counsel shall prepare a judgment in accordance herewith.