154 N.J. Super. 235 (1977)
381 A.2d 88
ANDREW KORSHALLA, PLAINTIFF,
v.
LIBERTY MUTUAL INSURANCE COMPANY, E. JAMES FERRARA, AMERICAN ARBITRATION ASSOCIATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 21, 1977.
*236 Mr. Bryan D. Garruto for plaintiff (Messrs. Heilbrunn, Finkelstein, Heilbrunn, Garruto & Galex, attorneys).
Mr. Jared D. Honigfeld for defendant Liberty Mutual Insurance Company.
Mr. Arthur H. Miller for defendants E. James Ferrara and American Arbitration Association (Messrs. Clarick, Clarick & Miller, attorneys).
COHEN, J.C.C., Temporarily Assigned.
This action seeks to set aside an arbitrator's decision. In his complaint plaintiff says it was "the result of passion, prejudice, partiality, *237 and/or the result of inadvertence or neglect and was arbitrary and capricious." The matter is here on plaintiff's motion to compel the deposition of the arbitrator and a defendant's motion for summary judgment.
The arbitration arose out of an uninsured motorist endorsement, a required auto insurance provision affording coverage for payment of sums the insured "shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, or hit and run automobile * * *" N.J.S.A. 17:28-1.1. The policy permissibly provided for arbitration in the event of disagreement between insurer and insured.
It all started with an auto collision on October 3, 1973. Plaintiff was a rear-seat passenger in an auto insured by Liberty Mutual when it was struck in the rear by an uninsured driver. The next day plaintiff sought medical attention. He received periodic "muscle relaxant [sic] and physiotherapy" until November 27, 1973, when he was "dismissed from care * * * as having reached a point of maximum therapeutic improvement." He had not incurred $200 in medical expense. N.J.S.A. 39:6A-8.
There the matter lay, both medically and legally quiescent, until 1975 when plaintiff returned for further therapy, passed the $200 threshold and sued his host driver and the uninsured. The precise order and causal connection of these developments does not appear.
The existence and culpability of the uninsured driver were not contested. Plaintiff's suit was, therefore, voluntarily dismissed without any payment, and plaintiff's rights were submitted to arbitration under the uninsured motorist provisions of the Liberty Mutual policy.
The single arbitrator held a hearing. Plaintiff and the insurer were represented by counsel. The issues of the extent of plaintiff's injuries and the bar of the $200 no-fault threshold were raised. Written reports by plaintiff's treating physician and the insurer's examining physician were submitted by consent. The treating physician's report was dated *238 in 1976. It totally omitted mention of any treatment in 1975 and diagnosed solely soft tissue injuries. In an affidavit before this court plaintiff's counsel says he offered to produce the treating physician to testify to the causal connection between his treatment and plaintiff's injuries. The arbitrator said that it "would not be necessary." No one objected to the arbitrator considering the threshold issue.
After the hearing the arbitrator rendered his decision in writing. He denied plaintiff's claim altogether. He did not say why.
In affidavits, briefs and answers to interrogatories in this action, the plaintiff says the decision should be set aside because (1) total denial makes no sense unless based on a finding of failure to meet the no fault threshold, which, plaintiff says, is not so; (2) a finding of failure to meet the threshold is a ruling on policy coverage, a matter reserved to courts and not within the submission to arbitration; and (3) the decision is unaccompanied by findings of fact or conclusions of law, in the absence of which, plaintiff says, he ought to be able at least to depose the arbitrator to find out what he was thinking about when he denied the plaintiff's claim.
Plaintiff's arguments will be treated in reverse order.
First, it is not a defect in an arbitration award that it does not include findings, opinions or reasons. An arbitrator simply has no duty to explain his award. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1968); Harsen v. West Milford Tp. Bd. of Ed., 132 N.J. Super. 365 (App. Div. 1975). No reason appears why the parties and the arbitrator cannot agree to a different procedure, but that did not happen here.
For the same reasons, an arbitrator need not submit to deposition questioning on the merits of his decision. Ruckman v. Ransom, 23 N.J. Eq. 118 (Ch. 1872); Fukaya Trading Co. v. Eastern Marine Corp., 322 F. Supp. 278 (E.D. La 1971); Gramling v. F.M.C. Corp., 151 F. Supp. 853 (W.D.S.C. 1957). See Collings Carriage Co. v. German *239 American Ins. Co., 86 N.J. Eq. 53 (Ch. 1916). Some discovery might be permissible to inquire into a fairly raised issue of corruption, fraud, "undue means," evident partiality, prejudicial procedural misconduct, or an exceeding of power or imperfect execution of powers not determining the matter submitted. N.J.S.A. 2A:24-8. See Creter v. Davies, 30 N.J. Super. 60 (Ch. Div. 1954). Otherwise, arbitrators ought to be as free as jurors from the nitpicking and rooting-about of lawyers for disappointed parties. Tave Construction Co. Inc. v. Wiesenfeld, 82 N.J. Super. 562 (Ch. Div. 1964), is not contrary. The occasion for the depositions there ordered is not revealed, but only mentioned by the court in passing.
If the arbitrator's decision was founded on a ruling that plaintiff failed to meet the $200 statutory threshold for suit, plaintiff argues it was beyond the power of the arbitrator to decide. The argument is based on Government Employees Ins. Co. v. Bovit, 142 N.J. Super. 268 (App. Div. 1976), certif. den. 71 N.J. 502 (1976). Bovit held that questions of coverage are not arbitrable under an uninsured motorist provision but must be submitted to a court. The issue of coverage was the hotly disputed one whether a "phantom car" existed at all. If it did, the provision applied. If it did not, the provision was unavailable to the claimant and there was nothing to arbitrate.
This case is different. Here, the existence and liability of the uninsured driver is not questioned. The issue, rather, is whether the injured person could recover damages from the uninsured, for his claim against the insurer could be no better. If he did not meet the no-fault dollar threshold, he had no right to recover either against the uninsured driver or the insurer. Thus, the threshold question was arbitrable and did not go to the invocability of the policy provision itself. Nothing in Bovit looks the other way. See also, Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185 (App. Div. 1975); Travelers Indem. Co. v. Mongiovi, 135 N.J. Super. 452 (App. Div. 1975); Annotation, "What issues are *240 Arbitrable Under the Arbitration Provision of the Uninsured Motorist Insurance," 29 A.L.R.3d 328 (1970).
Even were this not so, the present objection to the arbitrator's supposed exceeding of authority was waived by plaintiff's nonassertion until now. In re Arbitration of Grover, 151 N.J. Super. 403 (App. Div. 1977).
Exactly what was the evidence before the arbitrator on the threshold question is impossible to say. Affidavits differ from the attorneys who participated. But the differences are immaterial. Plaintiff's attorney recalls surprise that the threshold question came up. He offered additional evidence, he says, and was told it was not necessary. It is of no moment that he may have misunderstood the arbitrator's reaction or that the arbitrator could lawfully have heard the testimony offered by plaintiff.
Arbitration is meant to be a substitute for and not a springboard for litigation. Every intendment is indulged in favor of an arbitration award, Held v. Comfort Bus Line Inc., 136 N.J.L. 640 (Sup. Ct. 1948), and judicial review is extremely narrow, generally confined to matters of corruption or errors appearing on the face of the award. Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175 (1963). In the present case the arbitrator decided an issue that was properly before him. This court may not generally inquire into the merits of his decision.