**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2978-18T1

PATERSON MEDICAL PLAZA,
LLC,

     Plaintiff-Respondent,

v.

LITANA DEVELOPMENT, INC.,

     Defendant-Appellant.

_____

Argued telephonically March 25, 2020[1] –
Decided April 13, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-4395-16.

Robert Ethan Bennet argued the cause for appellant (Tesser & Cohen, attorneys; Danielle E. Cohen and Robert Ethan Bennett, on the briefs).

---

[1] This matter was argued telephonically in accordance with the Chief Justice Rabner's March 15, 2020 Notice to the Bar.

Mandelbaum Salsburg PC, attorney for respondent (Ryan M. Buehler, on the brief).[2]

PER CURIAM

Defendant Litana Development, Inc. (Litana) appeals from a February 22, 2019 order denying its motion to confirm an arbitration award and March 1 and March 8, 2019 orders compelling re-arbitration.  We reverse the orders compelling re-arbitration and remand the matter to the trial court to confirm the arbitration award and to consider the additional relief requested in Litana's motion to confirm the award.

Plaintiff Paterson Medical Plaza, LLC (PMP) contracted with Litana for construction of a medical facility.  Upon completion of the work, Litana claimed PMP failed to pay for all work and services performed pursuant to the parties' written contract and signed change orders.

---

[2] On January 28, 2020, the day before the originally scheduled argument date, counsel for Paterson Medical Plaza, LLC advised that he could not appear because his legal services had been terminated by the client.  Counsel requested an adjournment of the January 29, 2020 argument to allow the client to retain new counsel and we adjourned the matter to March 25, 2020.  Because Paterson Medical Plaza, LLC is a corporation, Rule 1:21-1(c) requires any appearance in court be "through an attorney authorized to practice law in this State."  Despite several inquiries by staff at the Appellate Division Clerk's Office, Paterson Medical Plaza, LLC failed to retain new counsel and therefore we consider the written arguments in the merits brief filed on behalf of Paterson Medical Plaza, LLC.

A-2978-18T1

Litana claimed its last day of work on the project was August 9, 2016. A few days later, PMP terminated the contract with Litana. On October 24, 2016, Litana filed a construction lien claim against PMP's property in the amount of $272,050.

PMP immediately filed an order to show cause and verified complaint seeking to discharge Litana's construction lien. In the verified complaint, PMP claimed Litana's lien amount was "willfully exaggerated." In addition to the lien discharge, PMP sought damages for breach of contract, breach of the implied covenant of good faith and fair dealing, lost profits, and unjust enrichment. Litana filed an answer and counterclaim. In its counterclaim, Litana requested damages based on breach of contract.

The trial court denied PMP's application to discharge the lien. Thereafter, PMP filed a motion to compel arbitration. In a March 13, 2017 order, the judge compelled the parties to arbitrate their disputes and retained jurisdiction to enforce the arbitrator's award.[3]

Arbitration hearings were held over a five-day period in 2018. PMP's claim before the arbitrator focused solely on discharging the construction lien. PMP argued the lien amount alleged by Litana was grossly overstated. In

---

[3] The trial court stayed the litigation pending the arbitration.

arbitration, Litana sought in excess of $1 million in damages, plus interest and attorney's fees. Litana arrived at that amount based on the parties' written contract, signed change orders, and its alleged additional costs associated with the project.

The arbitrator heard testimony from the parties' witnesses and reviewed documents provided in support of their claims. Based on the testimony and documents, the arbitrator found Litana's lien claim was not overstated and ordered PMP to pay Litana the sum of $552,202.22.

In his April 17, 2018 single-spaced, seven-page written award, the arbitrator determined Litana's work and services under the base contract and signed change orders totaled $4,682,314.81.[4] The arbitrator rejected some of Litana's claimed $808,202.22 in additional documented expenses and its claimed additional work in the amount of $47,620. He concluded there was no writing memorializing the $47,620 sum and therefore denied Litana's request for payment of that amount. The arbitrator also rejected Litana's claim that it allegedly advanced $420,000 to PMP, finding "little persuasive explanation . . .

---

[4] This amount represents the original contract amount of $4,051,000, plus a December 31, 2013 written change order for $414,314.81, plus an October 6, 2014 written change order for $175,000, plus a September 18, 2015 written change order for $42,000.

<span>A-2978-18T1</span>

as to why payments totaling $420,000 were made by Litana to PMP." The arbitrator concluded the $420,000 sum represented "the return to PMP of unused proceeds of the construction loan." The arbitrator "accept[ed] the testimony and proofs presented by Litana with regard to the balance of the additional documented expenses it claim[ed]," determining the sum of $388,202.22 was sufficiently documented. The arbitrator calculated the total work and services provided by Litana to PMP was valued at $5,070,517.03.[5]

The arbitrator denied Litana's request for interest, attorney's fees, and costs, finding the parties had a "good faith dispute[]" and Litana lacked documentation related to some of the work because the parties had a "cooperative and informal relationship."

At the arbitration, PMP did not claim it was owed any money but argued it was entitled to set-off amounts against Litana's claims. The arbitrator rejected certain of PMP's set-off claims based on alleged deficiencies and incomplete work performed by Litana and explained why he rejected those set-off amounts. The arbitrator also denied PMP's claim for lost profits as speculative.

---

[5] The arbitrator arrived at this amount by adding the base contract and change order work, totaling $4,682,314.81, plus the additional work performed by Litana in the amount of $388,202.22.

However, the arbitrator awarded PMP the following credits: $80,000 for stucco work not completed by Litana; $34,000 for elevator repair work; $4750 for the elevator room HVAC; and $4300 for installation of the elevator room floor. The total amount credited to PMP by the arbitrator was $123,050. The arbitrator's credit calculation in favor of PMP far exceeded Litana's suggested credit of $15,000 for the work it did not perform.[6] The arbitrator determined PMP paid Litana a total of $4,395,264.81.

Deducting the amount paid by PMP, and crediting PMP for defective work and work not performed by Litana, the arbitrator concluded Litana was owed $552,202.22.[7]

Dissatisfied with the award, PMP sought a modification from the arbitrator. Based on his review of the post-arbitration submissions, the arbitrator denied PMP's request to modify the award because "[t]here [were] no 'clerical, typographical, technical, or computational errors in the [a]ward.' I see no reason

---

[6]  PMP claims the arbitrator's award failed to consider a $15,000 credit. However, the arbitrator credited PMP in an amount nearly ten times the credit amount Litana argued should be applied for incomplete work.

[7]  The arbitrator's ultimate award reflects his determination that $5,070,517.03 represented the work and services provided by Litana, minus PMP's payment to Litana in the amount of $4,395,264.81, minus the total credit due to PMP in the amount of $123,050.

to re-determine the merits of this matter even if I had the power to do so." In a May 15, 2018 decision, the arbitrator affirmed his prior award.

On June 26, 2018, Litana filed a motion to confirm the arbitration award and for other relief. PMP filed a cross-motion for modification, correction, or vacation of the award.

The motion judge heard argument on the parties' motions in October 2018. At the conclusion of the argument, the judge requested the parties provide additional information.

After receiving the parties' supplemental submissions, the judge asked counsel to reargue the motions on February 22, 2019. In a decision placed on the record on that date, the judge denied Litana's motion to confirm the arbitration award. In orders dated March 1 and March 8, 2019, the judge vacated the arbitration award and ordered re-arbitration before the same arbitrator.

The judge explained he read the arbitrator's decision "probably five or six times" and stated, "quite frankly, I can't follow it." He found the arbitrator "was required to provide a reasoned decision" and did not "give a well-reasoned second opinion." The judge indicated the arbitrator needed "to opine with more specificity . . . . And while [the arbitrator] put a lot of information in, I don't find that it particularly was well reasoned or reasoned at all . . . . "

A-2978-18T1

On appeal, Litana argues the judge erred by declining to confirm the arbitrator's award, vacating the arbitration award, and ordering re-arbitration.

"[T]he scope of review of an arbitration award is narrow." Fawzy v. Fawzy, 199 N.J. 456, 470 (2009). Our Supreme Court has held that "[a]rbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, 'meant to be a substitute for and not a springboard for litigation.'" Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981) (quoting Korshalla v. Liberty Mut. Ins. Co., 154 N.J. Super. 235, 240 (Law Div. 1977)). With this goal in mind, "[a]rbitration should spell litigation's conclusion, rather than its beginning . . . . " Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J 190, 201 (2013) (quoting N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 292 (2007)).

"The public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015). As a result, "courts grant arbitration awards considerable deference." E. Rutherford PBA Local 275, 213 N.J. at 201. Because a trial court's decision to affirm or vacate an arbitration award is a decision of law, our review is de novo. Minkowitz v. Israeli, 433 N.J. Super.

A-2978-18T1

111, 136 (App. Div. 2013) (citing <u>Manger v. Manger</u>, 417 N.J. Super. 370, 376 (App. Div. 2010)).

N.J.S.A. 2A:23B-22 sets forth the standard for confirming an arbitration award. The statute provides:

> After a party to an arbitration proceeding receives notice of an award, the party may file a summary action with the court for an order confirming the award, at which time the court shall issue a confirming order unless the award is <u>modified</u> or <u>corrected</u> pursuant to section 20 or 24 of this act or is <u>vacated</u> pursuant to section 23 of this act.
>
> [N.J.S.A. 2A:23B-22 (emphasis added).]

Arbitration awards may be vacated, modified, or corrected by a court if (1) "procured by corruption, fraud, or other undue means"; (2) the arbitrator was partial or corrupt, or committed misconduct thereby prejudicing the parties' rights; (3) the arbitrator refused to postpone the hearing when there was sufficient cause to do so, failed to consider material evidence, or otherwise inappropriately conducted the hearing so as to prejudice the rights of the parties; (4) the arbitrator exceeded his or her powers; (5) there was no agreement to arbitrate; or (6) the arbitration was conducted without sufficient notice, substantially prejudicing the rights of the parties. <u>See</u> N.J.S.A. 2A:23B-23(a).

A court may also modify or correct an award if (1) there was an evident mathematical mistake; (2) the arbitrator made an award on a claim not submitted to arbitration; or (3) "the award is imperfect in a matter of form not affecting the merits of the decision . . . ." N.J.S.A. 2A:23B-24(a).

A court may only confirm, vacate, modify, or correct arbitration awards on the grounds provided in the statute. See N.J.S.A. 2A:23B-20 to -24. The statute "directs a court to correct errors; it does not provide for remand to the arbitrator." Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 360 (1994). As our Supreme Court stated in Tretina:

> the Legislature intended that courts correct mistakes that are obvious and simple – errors that can be fixed without a remand and without the services of an experienced arbitrator . . . . [I]n the absence of a statutory provision or an authorization in the arbitration agreement, a court that is asked to vacate, modify, or confirm an award usually has no power, except by the consent of the parties, to recommit the matter to the arbitrator.
>
> [Id. at 360-61.]

Here, PMP's request to discharge the construction lien and Litana's claim for monies owed by PMP were decided by the arbitrator. The judge's inability to follow the arbitrator's decision is not one of the enumerated statutory grounds to vacate, modify, or correct an arbitration award.

A-2978-18T1

The judge cited no statutory basis for vacating the arbitration award. The judge's failure to understand how the arbitrator arrived at the award is not sufficient ground to vacate the award. The arbitrator considered the evidence and testimony presented, and then articulated his findings in support of the award. Having reviewed the record, we discern no basis to vacate the arbitration award or compel re-arbitration.

Therefore, we reverse the judge's orders denying Litana's motion to confirm the arbitration award and compelling re-arbitration. We remand the matter to the trial court to enter an order reinstating and confirming the arbitration award. Because the motion judge did not consider Litana's application to enforce the construction lien or award attorney's fees, interest, and costs, the judge shall consider these issues on remand. We take no position on the disposition of these issues.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2978-18T1