**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0342-19T2

BHARAT RAO and
CHRISTINE RAO,

      Plaintiffs-Respondents,

v.

PRAVIN PATEL,

      Defendant-Appellant.

_____

              Argued October 7, 2020 – Decided November 4, 2020

              Before Judges Fuentes, Rose and Firko.

              On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000172-19.

              Andrew Fede argued the cause for appellant (Archer & Greiner, PC, attorneys; Patrick Papalia and Tyler J. Wicks, on the briefs).

              David F. Lyttle argued the cause for respondents.

PER CURIAM

Defendant Pravin Patel (Patel) appeals from an August 1, 2019 order of the Law Division confirming an arbitration award in favor of plaintiffs Bharat Rao and Christine Rao (Rao)[1] for the sum of $1,161,883.51 and an August 30, 2019 order assessing costs, attorney's fees, and expenses against Patel in the sum of $5,359.50. For the reasons that follow, we affirm.

I.

We discern the following facts from the record. Rao and Patel each owned a fifty-percent interest in two corporations, Key Products I, Inc. and Key Products II, Inc., which operated two Dunkin' Donuts stores in Paramus. Patel agreed to operate the day-to-day operations along with his wife at each location, and Rao was an absentee owner. Rao made an equal contribution as "seed money" but was not involved in the operation of the stores. A dispute arose between the parties when Rao suspected Patel was using monies from the stores to fund his personal expenses.

As per their partnership agreement, Rao elected to arbitrate the matter and sought court intervention on May 23, 2016. Ultimately, the parties entered into a consent order on July 14, 2016 that transferred the dispute to binding

---

[1] We sometimes refer to Bharat Rao and Christine Rao as "plaintiffs" in this opinion. "Rao" refers to Christine Rao.

arbitration before a retired judge. The arbitration commenced on July 19, 2016 and concluded three years later with the arbitrator issuing a final award on June 3, 2019.

The parties agreed to retain a joint independent auditor, whose fees were paid equally by both sides, to conduct a financial review of both companies. After Patel's inquiry as to whether any prior relationship existed between Rao and the auditor, and no history having been disclosed, Patel agreed to retain the auditor. The auditor performed a forensic accounting analysis on unreported income, expenses claimed without supporting documentation, personal loans taken by Patel, suspect personnel and payroll payments, and discretionary spending that was unacceptable under standards promulgated by the Internal Revenue Service.

The auditor issued two financial statement attestations or "reports" as noted by the arbitrator. The first report covering the period from January 1, 2011 through December 31, 2016, indicated Patel failed to report $230,812.66 of business income. Later, the auditor conceded the first report was incorrect and should only reflect $2,719.25 of unreported income.

On January 22, 2019, the auditor testified regarding his second report, which covered the time period beginning January 1, 2017 and ending August 31,

3

2018. The auditor opined that corporate payments totaling $20,882.26 for Patel's health insurance and vehicle expenses constituted "unacceptable discretionary spending." The arbitrator took issue with the scope of the amendment to the parties' shareholder agreement providing Patel was entitled to "insurance paid" by the companies and concluded it did not include health insurance. The auditor also assessed $92,394 of equipment against Patel.

During an off-the-record conversation during the September 8, 2017 arbitration hearing, Patel's attorney learned that the auditor ostensibly had a relationship with Bharat Rao's brother and moved to have the auditor disqualified. The auditor denied knowing the brother. The arbitrator conducted hearings during the arbitration proceedings regarding Patel's allegations on the issue of the auditor's alleged bias. He ruled that if the auditor could supply a statement of continued objectivity, he could continue in the arbitration process, which he did. Thereafter, on September 6, 2018, Patel filed a complaint against the auditor with the New Jersey Board of Accountancy (Board) alleging professional misconduct and incompetence. The Board dismissed the complaint on January 25, 2019.

On March 13, 2019, the arbitrator issued an order rejecting five of the six conclusions reached by the auditor in his second report. On March 28, 2019,

the arbitrator issued an award in favor of Rao in the sum of $1,161,888.51 to be paid by Patel. The record shows that the arbitrator had to issue seventeen orders to secure defendant's compliance with discovery and imposed a $15,000 monetary penalty for frustrating the discovery process. He also awarded counsel fees incurred by Rao to compel Patel to produce discovery and for thwarting Rao's efforts to obtain information and documents.

On June 26, 2019, Rao filed a verified complaint seeking confirmation of the arbitration award pursuant to N.J.S.A. 2A:23B-22 and 2A:23B-25(a). Patel challenged the summary enforcement action claiming the auditor's findings were patently biased, fraudulent, and corrupt.

On July 31, 2019, the trial court heard oral argument and placed its decision on the record that day. The trial court granted Rao's motion to confirm the arbitration award, rejected Patel's challenge, and certified the award. In addition, the trial court did not find any basis to modify the award based on ministerial errors pursuant to N.J.S.A. 2A:24-9. The trial court explained that the arbitrator's "decision was perfectly, in his mind, appropriate under the circumstances"; he "had the benefit of hearing from the parties"; "reading the reports of the auditor"; and hearing "arguments with respect to the [auditor's] alleged conflict."

A-0342-19T2

Further, the trial court stated, "[a]ll of these matters were raised in front of [the arbitrator]" and rejected Patel's request for post-arbitration discovery. On August 1, 2019, the trial court entered an order and judgment confirming the arbitration award. Thereafter, Rao sought counsel fees and costs against Patel and on August 30, 2019, the trial court entered an order awarding $5,359.50 to Rao.

On appeal, Patel argues that the trial court erred by confirming the arbitration award; by refusing to grant discovery as to the relationship between plaintiffs and the auditor; and in awarding counsel fees and costs to plaintiffs after confirming the award.

## II.

"[T]he scope of review of an arbitration award is narrow." Fawzy v. Fawzy, 199 N.J. 456, 470 (2009). Our Supreme Court has held that "[a]rbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, 'meant to be a substitute for and not a springboard for litigation.'" Barcon Assocs., Ins. Co. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981) (quoting Korshalla v. Liberty Mut. Ins. Co., 154 N.J. Super. 235, 240 (Law Div. 1977)). With this goal in mind, "'[a]rbitration should spell litigation's

conclusion rather than its beginning . . . .'"  Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) (quoting N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 292 (2007)) (alteration in original).

"The public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court."  Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015).  As a result, "courts grant arbitration awards considerable deference."  E. Rutherford PBA Local 275, 213 N.J. at 201. Because a trial court's decision to affirm or vacate an arbitration award is a decision of law, our review is de novo.  Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013) (citing Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010)).

N.J.S.A. 2A:23B-22 sets forth the standard for confirming an arbitration award.  The statute provides:

> After a party to an arbitration proceeding receives notice of an award, the party may file a summary action with the court for an order confirming the award, at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 20 or 24 of this act or is vacated pursuant to section 23 of this act.
>
> [N.J.S.A. 2A:23B-22.]

A-0342-19T2

Arbitration awards may be vacated, modified, or corrected by a court if (1) "procured by corruption, fraud, or other undue means"; (2) the arbitrator was partial or corrupt, or committed misconduct thereby prejudicing the parties' rights; (3) the arbitrator refused to postpone the hearing when there was sufficient cause to do so, failed to consider material evidence, or otherwise inappropriately conducted the hearing so as to prejudice the rights of the parties; (4) the arbitrator exceeded his or her power; (5) there was no agreement to arbitrate; or (6) the arbitration was conducted without sufficient notice, substantially prejudicing the rights of the parties. See N.J.S.A. 2A:23B-23(a).

A court may also modify or correct an award if (1) there was an evident mathematical mistake; (2) the arbitrator made an award on a claim not submitted to arbitration; or (3) "the award is imperfect in a matter of form not affecting the merits of the decision . . . ." N.J.S.A. 2A:23B-24(a).

A court may only confirm, vacate, modify, or correct arbitration awards on the grounds provided in the statute. See N.J.S.A. 2A:23B-20 to -24. The statute "directs a court to correct errors; it does not provide for remand to the arbitrator." Tretina Printing, Inc. v Fitzpatrick & Assocs. Inc., 135 N.J. 349, 360 (1994). As our Supreme Court stated in Tretina:

> the Legislature intended that courts correct mistakes
> that are obvious and simple—errors that can be fixed

without a remand and without the services of an experienced arbitrator . . . . [I]n the absence of a statutory provision or an authorization in the arbitration agreement, a court that is asked to vacate, modify, or confirm an award usually has no power, except by the consent of the parties, to recommit the matter to the arbitrator.

[Id. at 360-61.]

Here, the arbitrator considered the evidence, the testimony presented, and articulated his findings in support of the award. Having reviewed the extensive record, we discern no basis to vacate the arbitration award or compel post-arbitration discovery.

Moreover, we conclude there is no legal basis under N.J.S.A. 2A:23B-23 to disagree with the trial court's ruling upholding the arbitrator's award. To constitute a valid ground for vacating an arbitration award under "undue means" in N.J.S.A. 2A:23B-23(a)(1), the error must be "so gross as to suggest fraud or misconduct." Tretina Printing, Inc., 135 N.J. at 357 (quoting Perini Corp. v. Greate Bay Hotel & Casino Inc., 129 N.J. 479, 494 (1992). We agree with the trial court that as new information was brought to the arbitrator's attention about a potential conflict of interest or impropriety involving the auditor, the arbitrator gave Patel the opportunity to object and the auditor was tasked with certifying as to his continued objectivity. We concur in the trial court's view that Patel did

not establish grounds to allow post-arbitration discovery, and arbitrations are not designed to devolve into another litigated matter, a posture sought to be avoided by the use of arbitration in the first place.

The trial court acted well within its discretion in awarding counsel fees and costs to Rao under N.J.S.A. 2A:23B-21(b),[2] and N.J.S.A. 2A:23B-25(b)(c), which allows reasonable costs of the summary action to be awarded to the prevailing party. See Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001). Here, the trial court provided a detailed analysis of the lodestar standard and calculation thereof and the factors set forth in RPC 1.5(a). We note that plaintiffs sought $7,781.50 in counsel fees and costs but were only awarded $5,359.50. There was no abuse of discretion in awarding counsel fees and costs by the trial court.

The remaining arguments raised by Patel lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] N.J.S.A. 2A:23B-21(b) states: "An arbitrator may award reasonable attorney's fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding."

A-0342-19T2