**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0932-19T3

CHARLENE UHRMANN,
an individual residing in
Mt. Olive Township, New Jersey,

      Plaintiff-Appellant,

v.

COLLEN LABOW,
LISA LASHWAY,[1]
DAVID SCAPICCHIO, THE
TOWNSHIP OF MOUNT OLIVE,[2]
and THE TOWNSHIP OF MOUNT
OLIVE COUNCIL,[3]

      Defendants-Respondents.

_____

      Submitted November 12, 2020 – Decided December 22, 2020

      Before Judges Fuentes, Rose, and Firko.

---

[1] Improperly pled as Lisa Laswhay.

[2] Improperly omitted.

[3] Improperly pled as The Township of Mount Olive Council and Mayor.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0706-19.

Charlene Uhrmann, appellant pro se.

Methfessel & Werbel, attorneys for respondents (Eric L. Harrison, on the brief).

PER CURIAM

Plaintiff Charlene Uhrmann appeals pro se from the August 2, 2019 Law Division order denying her motion to vacate an arbitration award and request for a declaratory judgment, and granting the motion of defendants Collen Labow, Lisa Lashway, David Scapicchio, the Township of Mount Olive (Township) and the Township of Mount Olive Council (Township Council) to dismiss her complaint.[4]  Plaintiff primarily argues the motion judge erred by refusing to find the arbitrator failed to disclose a potential conflict of interest and exceeded the scope of his authority.  Plaintiff further claims the award was procured by fraud, corruption and undue means.  We disagree and affirm.

---

[4] Plaintiff's "complaint" was not provided on appeal.  It appears, however, that defendants treated her request for a declaratory judgment, which is styled similarly to a pleading, as a complaint.

A-0932-19T3

## I.

The underlying facts and lengthy procedural history are well known to the parties and accurately summarized in the motion judge's comprehensive written statement of reasons. We highlight only those facts that are pertinent to our analysis.

The genesis of the parties' disputes is the October 11, 2013 settlement agreement that resolved two Law Division actions filed by plaintiff in 2011 against: (1) the Township, Labow and Lashway; and (2) Labow, Lashway, Scapicchio and the Township Council. Plaintiff apparently alleged violations of the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and her civil rights stemming from allegedly disparaging remarks that were posted on the Township's website.[5] Both matters were assigned to the same judge, who is now retired.

Pursuant to the terms of the October 11, 2013 settlement agreement, plaintiff primarily agreed to dismiss both lawsuits and forgo: filing OPRA requests; attending Township Council meetings; and communicating with defendants, subject to some exceptions. In exchange, defendants agreed, among other things, to compensate plaintiff $150,000; remove certain links from the

---

[5] Plaintiff's 2011 complaints were not provided on appeal.

 A-0932-19T3

Township's website; remove the highlighting of plaintiff's name from certain OPRA logs; and destroy certain documents that referenced plaintiff and her family members. The parties mutually consented "not to disparage the other or use surrogates to do the same."

In 2018, plaintiff, through counsel, served a demand for arbitration on defendants, alleging multiple breaches of the settlement agreement. Plaintiff claimed defendants requested Township employees to create certifications and documents, breached confidentiality, and disparaged plaintiff. Defendants asserted a counterclaim against plaintiff, alleging she breached the settlement agreement by attending a Township Council meeting. Pursuant to the terms of the settlement agreement, the parties attempted to agree upon an arbitrator to resolve their disputes. When those efforts failed, the court appointed an arbitrator. The parties did not object to that appointment.

Following an extensive document exchange, plaintiff subpoenaed various Township employees to testify at the hearing. The arbitrator granted, in part, defendants' motion to quash the subpoenas. As the motion judge noted: "Plaintiff's then counsel did not formally object to or seek reconsideration of this ruling." The arbitrator also denied plaintiff's motion to compel additional discovery from defendants. Instead, the arbitrator required defense counsel to

certify that "the Township produced all written communications by and between [T]ownship officials relevant to each parties' breach of contract claims."

The arbitrator conducted a two-day hearing, which included the testimony of plaintiff and two defense witnesses. The hearing was not transcribed or otherwise recorded. On December 3, 2018, the arbitrator issued a thirty-one-page written decision, finding neither party violated the agreement. Notably, one-third of the arbitrator's decision detailed plaintiff's testimony.

In her ensuing motion to vacate the arbitration award, plaintiff primarily argued the award was "procured by fraud, corruption, or other undue means." In that regard, plaintiff contended defendants "intentionally destroyed evidence relevant to the litigation"; the arbitrator "demonstrated partiality and misconduct by failing to disclose his relationship with [the retired judge]" who now is employed at the same law firm as the arbitrator; and the arbitrator refused to consider relevant material evidence, which prejudiced her rights.

In his cogent statement of reasons, the motion judge rejected plaintiff's arguments, finding they were unsupported by the voluminous record. In doing so, the judge squarely addressed all issues raised in view of the governing legal principles. Recognizing his limited role under the New Jersey Uniform Arbitration Act (Act), N.J.S.A. 2A:23B-1 to -32, the judge analyzed the

A-0932-19T3

statutory criteria for vacating the award under subsection 23(a), in light of the arbitrator's duties under section 12, and found plaintiff failed to meet her burden. The judge also found the award did not violate a clear mandate of public policy. This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

> POINT I
> THE ARBITRATION AWARD IN THIS CASE SHOULD BE VACATED BECAUSE THE ARBITRATOR FAILED TO DISCLOSE A POTENTIAL CONFLICT OF INTEREST.
> [A]. The Arbitrator Was Obligated to Disclose His Relationship With [the Retired Judge].
> [B]. The Court Erred When Providing Testimony.
>
> POINT II
> THE FORUM LACKED A MEETING OF THE MINDS.
>
> POINT III
> THE ARBITRATOR EXCEEDED HIS AUTHORITY DECIDING THE CASE . . . By Denying Discovery Which Was Permitted Under The New Jersey Rules of Evidence.
>
> POINT IV
> THE ARBITRATOR EXCEEDED HIS AUTHORITY . . . By Adding Language to an Existing Contract to Benefit the Offending Party.
>
> POINT V
> THE TRIAL COURT ERRED BY NOT FINDING THAT THE AWARD WAS PROCURED BY CORRUPTION, FRAUD, OR UNDUE MEANS.

[A]. False Swearing of . . . Scott Gaskill.
[B]. False Swearing of Jill Daggon.
[C]. Intentional Omission Of Evidence and Testimony Constitutes As Corruption, Fraud Or Other Undue Means.
[D]. Intentional Concealment of Destruction of Documents and Fraudulent Inducement Constitutes corruption and fraud.
[E]. The Destruction of Evidence Violated N.J.S.A. 47:3-29.

POINT VI
EVIDENT PARTIALITY CONTROLLED THE PROCEEDINGS.

II.

Well-established principles guide our analysis. "[T]the scope of review of an arbitration award is narrow." Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013) (citation omitted). Our Supreme Court has held "[a]rbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, 'meant to be a substitute for and not a springboard for litigation.'" Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981) (quoting Korshalla v. Liberty Mut. Ins. Co., 154 N.J. Super. 235, 240 (Law Div. 1977)).

With that goal in mind, "[a]rbitration should spell litigation's conclusion, rather than its beginning . . . ." Borough of E. Rutherford v. E. Rutherford PBA

A-0932-19T3

Local 275, 213 N.J. 190, 201 (2013) (quoting N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 292 (2007)). Indeed, "[t]he public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015).

In sum, arbitrators are granted broad powers to decide issues of fact and law, and their decisions "are given collateral estoppel effect by reviewing courts." Barcon, 86 N.J. at 187 (citation omitted). As a result, "courts grant arbitration awards considerable deference." E. Rutherford PBA Local 275, 213 N.J. at 201. Because a trial court's decision to affirm or vacate an arbitration award is a decision of law, however, our review is de novo. Minkowitz, 433 N.J. Super. at 136.

As the motion judge recognized, the Act provides limited circumstances under which courts may vacate, modify, or correct arbitration agreements. See Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994). Those circumstances include: (1) "the award was procured by corruption, fraud, or other undue means"; (2) the arbitrator was partial or corrupt, or committed misconduct thereby prejudicing the parties' rights; (3) the arbitrator refused to postpone the hearing when there was sufficient cause to do so, failed to consider material evidence, or otherwise inappropriately conducted the hearing so as to

prejudice the rights of the parties; (4) the arbitrator exceeded his or her powers; (5) "there was no agreement to arbitrate"; or (6) the arbitration was conducted without sufficient notice, substantially prejudicing the rights of the parties. See N.J.S.A. 2A:23B-23(a).

A court may also modify or correct an award if (1) there was an evident mathematical mistake; (2) the arbitrator made an award on a claim not submitted to arbitration; or (3) "the award is imperfect in a matter of form not affecting the merits of the decision . . . ." N.J.S.A. 2A:23B-24(a). Generally, a court may only confirm, vacate, modify, or correct arbitration awards on the grounds provided in the statute. See N.J.S.A. 2A:23B-20 to - 24.

In "rare circumstances," however, a court may overturn an arbitration decision if it is against public policy. N.J. Tpk. Auth., 190 N.J. at 294. The "public policy sufficient to vacate an award must be embodied in legislative enactments, administrative regulations, or legal precedents, rather than based on amorphous considerations of the common weal." Borough of Glassboro v. Fraternal Order of Police, Lodge No. 108, 197 N.J. 1, 10 (2008) (citation omitted).

Against that legal backdrop, we turn to plaintiff's contentions raised on this appeal. Subsumed within plaintiff's points and subpoints are a litany of

issues impugning the arbitrator's impartiality and his decision. In essence, plaintiff seeks to relitigate the claims raised at the arbitration hearing, during which she was afforded a full opportunity to present testimony and argument before the arbitrator. Having conducted a review of the extensive record, we conclude plaintiff has failed to establish any of the statutory grounds to vacate the award.

We therefore conclude plaintiff's appeal lacks merit and affirm substantially for the reasons articulated by the motion judge in his comprehensive statement of reasons. We add only the following remarks as to the issues raised in point I.

Plaintiff cites our Supreme Court's decision in Barcon to support her assertion that the motion judge erred by failing to vacate the award based on an appearance of impropriety. In that regard, plaintiff posits that because the arbitrator and the retired judge were "employed by the same law firm" they "enjoyed a personal and financial relationship" that was "never disclosed to [her]." Plaintiff further argues that by finding this issue was not raised before the arbitrator, the motion judge improperly shifted the burden to her, "constitut[ing] reversible error." We disagree.

10

In Barcon, the Court affirmed a trial court order that vacated an arbitration award rendered by a tri-partite panel because a panel member's business dealings with a party to the arbitration constituted "evident partiality" under N.J.S.A. 2A:24-8(b), the predecessor of N.J.S.A. 2A:23B-23(a)(2).[6] 86 N.J. at 182-83. The Court explained arbitrators are required to "avoid . . . actual partiality" and "the appearance of partiality." Id. at 189 (citation omitted). The Court found evident partiality was established because the panel member "was engaged in business dealings with and was owed substantial sums by" a party to the arbitration, and the Court concluded the "relationship create[d] too great an appearance of partiality to be permitted." Id. at 191.

In reaching its decision, the Court quoted with approval the trial court's finding that "the law simply cannot allow any judicially enforceable arbitration proceeding to be anything other than an impartial proceeding which has appropriate appearances of impartiality." Id. at 191 (quoting Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 160 N.J. Super. 559, 570-71 (Law Div. 1978)). Consistent with that standard, the Court established the requirement that an arbitrator disclose "any relationship or transaction that he has had with the

_____

[6] Effective January 1, 2003, N.J.S.A. 2A:24-1 to -11 was amended and codified at N.J.S.A. 2A:23B-1 to -32. See L. 2003, c. 95, §§ 3(a) and 31.

parties or their representatives as well as any other fact which would suggest to a reasonable person that the arbitrator is interested in the outcome of the arbitration or which might reasonably support an inference of partiality." Id. at 192.

Importantly, however, the Court in Barcon did not adopt what plaintiff characterizes as "perceived conflict" as the benchmark for determining if an arbitration award should be vacated under the statute then in effect. Instead, the Court relied on the statute's plain language requiring vacation of an award on a showing of "evident partiality." N.J.S.A. 2A:24-8(b). For example, the Court explained a party-appointed arbitrator that "approach[es] the arbitration proceeding with . . . sympathy for the position of the party designating him" does not possess evident partiality requiring vacation of an award under the statute, as long as the arbitrator "remain[s] faithful to the obligation which rests upon him to maintain 'broad public confidence in the integrity and fairness of the [arbitration] process.'" 86 N.J. at 190 (third alteration in original) (citation omitted).

Accordingly, what might be viewed as an appearance of impropriety does not by itself establish the evident partiality requiring vacation of an arbitration award under N.J.S.A. 2A:24-8(b). Ibid. Further, we have held "[t]he mere fact

12

that a party-designated arbitrator discloses a prior relationship with the party will not necessarily disqualify the arbitrator." Arista Mktg. Assocs., Inc. v. Peer Grp., Inc., 316 N.J. Super. 517, 532 (App. Div. 1998) (citing Barcon, 86 N.J. at 194).

In the present matter, plaintiff sought vacation of the arbitration award under N.J.S.A. 2A:23B-23(a)(2), which was adopted following the Court's decision in Barcon, but which incorporates the evident partiality standard as a basis for vacating an arbitration award. L. 2003, c. 95, § 23; see also Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 372 N.J. Super. 503, 505 n.1, (App. Div. 2004). A determination concerning "evident partiality can be decided only on the facts of each case." Barcon, 86 N.J. at 191.

The record supports the motion judge's determination that plaintiff failed to sustain her burden of establishing evident partiality of the arbitrator requiring vacation of the arbitrator's award under N.J.S.A. 2A:23B-23(a)(2). Plaintiff's evident partiality claim is based on her unsupported premise that the arbitrator and the retired judge necessarily discussed the matter because they were both "employed by" the same firm. That premise is undermined by the motion judge's finding that the certification of plaintiff's arbitration counsel "ma[d]e no mention

of whether the [a]rbitrator commented on having either a professional or friendly relationship with [the retired judge]."

Moreover, as the motion judge recognized, the retired judge "was not an arbitrator for any part of this litigation." <u>See</u> N.J.S.A. 2A:23B-12(a)(2) (requiring the arbitrator to disclose "an existing or past relationship with any of the parties . . . their counsel or representatives, a witness or other arbitrators"). Noting the retired judge had no interest in the litigation and his rulings from the 2011 litigation that was settled in 2013 "were not at issue given that the underlying matter was settled," the motion judge further found the arbitrator had no duty to disclose that he worked at the same firm with the retired judge. <u>See</u> N.J.S.A. 2A:23B-12(a)(2(b) (requiring an arbitrator to disclose "any facts" that "a reasonable person would consider likely to affect the impartiality of the arbitrator").

Finally, we agree with the motion judge's conclusion that plaintiff "failed to present any facts or evidence that suggests the [a]rbitrator's place of employment would somehow affect his impartiality." <u>See</u> N.J.S.A. 2A:23B-12(a)(2(e) (providing, in pertinent part, an arbitrator's failure to disclose a "known, direct and material interest in the outcome of the arbitration proceeding . . . is presumed to act with evident partiality . . . "). Because plaintiff failed to

A-0932-19T3

establish either the actual partiality or appearance of partiality required to satisfy the Barcon standard for evident partiality, the motion judge correctly determined plaintiff did not satisfy her burden for vacating the arbitration award.

Any arguments made in support of plaintiff's appeal that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0932-19T3